Nov. Term,
1857.

McINTIRE
v.
THE STATE.

Monday,
December 21.

(1) 9 Ind. R. 494.

---

McINTIRE *v.* THE STATE.

Indictment for receiving stolen property. The state was permitted to introduce testimony tending to show that the person of whom the defendant had received the property, had stolen other property of the same kind, from another person, at a different time. *Held,* that this was error.

*Friday,
December 25.*

APPEAL from the *Decatur* Circuit Court.

HANNA, J.—The appellant was indicted, tried and convicted in the *Decatur* Circuit Court, for receiving stolen property.

The evidence for the state tended to show that a horse was stolen from one *Mahan,* in *Oldham* county, *Kentucky,* by a person there calling himself *Duran,* who brought the horse to *Decatur* county, where he passed by the name of *Spencer;* that the prisoner received the horse from *Spencer,* and sold him to one *Holmes.* The prisoner's defense was, that he had purchased the horse from *Spencer* in good faith.

It appeared in evidence that soon after *Spencer* brought the horse to *Decatur* county, he left that vicinity; and there-

upon the state was permitted, against the defendant's ob-  Nov. Term, jection, to prove by one *Bimer*, that during the week, and    1857. about the time *Spencer* left, another horse was stolen from  McIntire the witness's father, which was recovered by the witness  The State. from one *Hopwood*, in *Oldham* county, *Kentucky*.

This evidence was plainly inadmissible. Suppose it to have been sufficient to raise a presumption that *Spencer* had stolen *Bimer's* horse, it was wholly disconnected with the theft of the horse received by the prisoner. The proof of that larceny did not tend to show that *Spencer* had stolen *Mahan's* horse, much less that *McIntire* had received it knowing it to be stolen. It was a fact not in issue, and one which the prisoner could not have reasonably anticipated, nor was he required to meet it with evidence.

This proof may have prejudiced the defendant. That the horse had been stolen by *Spencer*, was a fact which the state was required to prove. In aid of the prosecution, it was attempted to show that *Spencer* was a thief, by proving another larceny in addition to the one alleged in the indictment, and from that proof to presume a larceny by *Spencer* of the horse in question. This was clearly erroneous; for another material point to be established by the state, was, that the defendant knew, at the time he received the horse, that he was stolen property. On account of the relations which existed, in this instance, between *Spencer* and the defendant, this knowledge may have depended upon whether *Spencer* was the actual thief; and that he was such could not, we think, be presumed from proof of the commission of another and distinct offense by him. See *Engleman* v. *The State*, 2 Ind. R. 91, and authorities there cited.

A new trial should have been granted.

*Per Curiam.*—The judgment is reversed. Cause remanded for a new trial.

*R. C. Talbott*, for the appellant.

*J. W. Gordon*, for the state.