## TURBEVILLE *v.* THE STATE.

CRIMINAL LAW.— *Venue.*— *Judicial Knowledge.*— *Presumption.*—Where the proof under an indictment for grand larceny was, that the goods were stolen at Plainfield, Hendricks county, and brought into Marion county, this court took judicial notice that Plainfield is in Hendricks county, Indiana, and presumed that the county intended by the witness was Hendricks county in this State.

EVIDENCE.— *Statements.*— *Immaterial.*—On the trial of an indictment, evidence of statements made in the absence of the defendant, by one not connected with the defendant by the evidence, is inadmissible, but where the evidence is harmless, or favorable to the defendant, a judgment against him will not be reversed on account of the admission of such evidence.

LARCENY.— *Finding Stolen Goods.*— *Joint Possession of Place.*— *Evidence.*— Where the only evidence connecting the defendant with the larceny was the finding of part of the recently stolen goods in a room jointly occupied by him and another person, and more particularly under the control of the latter, who was not charged with the larceny, the evidence was not sufficient to justify a conviction.

APPEAL from the Marion Criminal Court.

BUSKIRK, J.—The appellant was indicted, tried, found guilty of grand larceny, and, over his motion for a new trial, was sentenced to the state prison.

The error assigned is the overruling the motion for a new trial.

The first reason assigned for a new trial is, that it does not appear from the evidence that the court below had jurisdiction of the offence. The indictment charged that the crime was committed in Marion county, Indiana. It was proved upon the trial that the property was stolen in Plainfield, in Hendricks county, and was brought into Marion county, where it was found. To make out the offence, in such a case, it is necessary that it should be proved that the property was stolen in one county in this State, and transferred to another county in this State. If property is stolen in another state and is brought into this State, the thief cannot, under our laws, be punished in this State. *Beal* v. *The State*, 15 Ind. 378, and the authorities there cited.

The point made and argued by the counsel for appellant

is, that it was not proved on the trial that the Hendricks county, where the property was stolen, was in the State of Indiana, and that this court can not know judicially that such county was in this State.

The location and boundaries of Hendricks county are fixed by a public statute of this State. 1 G. & H. 165.

The courts of this State must take judical notice of what is, and what is not, the public statutory law of the State. *Evans* v. *Browne*, 30 Ind. 514.

The Supreme Court will take judicial notice of a county created by a public statute, but not of one created by county commissioners, under the general law. *Buckinghouse* v. *Gregg*, 19 Ind. 401.

The courts will take judicial notice of the geography of the country, and the mode of subdividing congressional townships into sections. *Mossman* v. *Forrest*, 27 Ind. 233.

In *Whitney* v. *The State*, 35 Ind. 503, where it was testified, that the crime was committed "in Indianapolis, in this county," it was held, that we would take judicial notice that the crime was committed in Marion county, Indiana.

In the recent case of *Cluck* v. *The State*, 40 Ind. 263, it was held that we would take judicial notice that Indianapolis was in the county of Marion, and State of Indiana.

There seems to be no room to doubt that we are required to take judicial notice that the town of Plainfield is in Hendricks county, and that such county is in the State of Indiana, and that the presumption will be indulged that the Hendricks county spoken of by the witnesses was Hendricks county, Indiana.

It is in the next place insisted that the court erred in admitting illegal and incompetent evidence on the trial, over the objection and exception of the appellant. John Lyons, a witness called by the State, testified that on the day after the larceny was committed, some person came to his loan office in the city of Indianapolis, and pawned to him a carpet bag and some dress goods, which were afterward claimed by Tomlinson and Ellis, and shown to have been stolen from their store in Plainfield, Hendricks county;

that the person who pawned him the goods was a stranger to him, and that the appellant was not present.   The prosecuting attorney then asked such witness the following questions:

"Describe the appearance of the man who brought those pieces of dress goods to your loan office, what he said as to where he got the goods, where he was from, what he did, what he wanted, and all that he said in reference to those goods; and what you did, if anything."

This evidence was objected to by the appellant on the grounds that he was not present, that there was no evidence that such man was his agent, or that he had any knowledge of the transaction, or was responsible for what such man said; but the objection was overruled by the court, and appellant excepted.

The witness then testified as follows: "The man who brought the goods I have referred to, to my office, was a tall man, dark complected, dark hair and whiskers, well dressed. I never saw him before or since.   He said he was a peddler; that he came from the east and brought the goods with him to this city; that he was out of money and wanted me to advance him twenty dollars on the dress goods, the same goods afterwards given up by me to Tomlinson and Ellis.   I kept the goods until the next Wednesday.   On the next day, on the sidewalk, near my office, I saw the defendant talking to some person who was not the man who brought the dress goods to me.   The defendant was never in my office.   I never spoke to him or had any business with him."

It was competent for such witness to give a description of the person who sold him the goods, for the purpose of connecting the defendant with the transaction, and it would have been competent for the defendant to have called out such description, for the purpose of showing that he was not the person who had sold for pawned the goods.   But what was said by such person, in the absence of the defendant, was mere hearsay evidence, and was incompetent and inadmissible.   The court erred in admitting such evidence, but

Turbeville *v.* The State.

we can not reverse the judgment for such error, for the reason that it was a harmless error, so far as the appellant is concerned. The evidence did not injure him, but was much in his favor. His counsel in the discussion of another branch of the case refers to the evidence as strongly tending to show the innocence of the appellant of the crime with which he is charged.

As to the admissibility of this evidence, the following authorities are referred to: 1 Greenl. Ev., Secs. 110, 111; Wharton Crim. Law, Secs. 702, 704; 1 Phillipps Ev. 188, note 81.

It is next claimed that the court erred in the exclusion of competent evidence offered by the appellant.

The question arises in this manner: Mrs. Wise, who was a sister-in-law of the appellant, testified, that she went to the house occupied by the appellant, on the afternoon of the day preceding the evening that the search was made of the rooms occupied by appellant; that a man by the name of Reed and his wife, or a woman whom he called his wife, occupied the south room and boarded with the appellant; that the carpet bag and a dress pattern were found that night under a lounge in the room occupied by Reed; that she heard Reed in the afternoon ask his wife what kind of a dress pattern she wanted. The appellant then asked this witness to state what response was made by Mrs. Reed to the question propounded to her by her husband.

The ruling of the court in excluding the evidence was so manifestly right, that we would not be justified in referring to authority in support of it.

Finally, it is urged that the verdict of the jury was not supported by, but was contrary to, the evidence.

The material facts as established by the evidence are these:

The store of Tomlinson & Ellis, at Plainfield, Hendricks county, was broken open, and two carpet bags and several pieces of dress goods were stolen, on Thursday night, the 31st day of October, 1872. On Friday, the first day of

November, 1872, a stranger, as has already been shown, pawned all the stolen goods, excepet one carpet bag and one dress pattern, with a pawnbroker, on Illinois street, in the city of Indianapolis, Indiana. On Monday, after the larceny, Ellis came to Indianapolis and gave information to the chief of police of the larceny. On that night the rooms occupied by the appellant were searched, and a carpet bag and one dress pattern were found. On the Wednesday following, the residue of the stolen property was found at the loan office on Illinois street, and was given up. There was no positive evidence as to who committed the robbery, nor was there any evidence which, in the slightest degree, connected the appellant with the stranger who pawned the goods at the loan office. The only evidence in the record, which, in any manner, tends to show the guilt of the appellant was the finding of a part of the stolen property in the rooms rented and occupied by him, and his failure to satisfactorily account for their presence in his rooms. The appellant had rented two rooms on West Washington street. The front room faced the north, and the back room was directly south of the front room. A door opened from one room to the other. The front room was occupied by the appellant and his wife. The back room was occupied by a man by the name of Reed and a woman that was called his wife, who took their meals with the appellant. All the furniture in the two rooms, except the bed in the back room, which they slept on, owned by Reed, belonged to the appellant. There was a lounge in the back room, which stood just inside the door, and was slept on, on the night of the search, by the appellant's sister-in-law, who was visiting him. Reed moved out of the south room only a few hours before the search was made. His wife remained about a week and then left. The goods were found under the lounge, in the south room. Reed was not at the rooms after the search, but his wife met him elsewhere. The appellant returned home shortly after the search, and was informed by his sister-in-law, Mrs. Wise, that his rooms had been searched, and a carpet bag and dress

pattern had been found under the lounge. Mrs. Wise asked him what it meant. He said he was going to hunt Reed and see. He left and was not in his rooms again. Some days afterward, he was arrested, while standing on the platform at Southport, some five miles south-east of Indianapolis.

We are required to decide whether the finding of the stolen property, at the place, and under the circumstances stated, was sufficient to require him to account for their presence, and on his failure so to do, to raise the presumpthat he was the thief.

It is well settled by elementary writers on criminal law and many adjudged cases, that the possession of stolen property, to be sufficient to put a party in whose possession it was found upon his defense, the possession must be both recent and exclusive. In the case under consideration, the possession was recent. Was it exclusive? Burrill on Circumstantial Evidence states the law as follows: "The possession must be exclusive. A finding of stolen property in the prisoner's house or apartment, is equally competent in evidence against him, as a finding upon his person. But the house or room must be proved to be in his exclusive occupation. If the property were found in a locked-up room or box of which he kept the key, it would be a fair ground for calling upon him for his defence. But if it were only found lying in a house or room in which he lived jointly with others, equally capable of having committed the theft, it is clear that no definite presumption of his guilt could be made." See, to the same effect, Best Pres., sec. 229; 1 Phillipps Ev. 540; 3 Phillipps Ev. 480, Cowen & Hill's Notes; 2 Starkie Ev. 840; Roscoe Criminal Ev. 19; *Davis* v. *The People*, 1 Parker C. C. 447.

The evidence having shown that the possession was not exclusively in the appellant, no presumption could be indulged against him, nor was he required to satisfactorily account for the presence of the goods in the place where they were found.

Turbeville *v.* The State.

The appellant was convicted upon circumstantial evidence only. The only circumstance against him was the possession of the stolen property, which, at best, only raised a *prima facie* presumption of his guilt. This is not sufficient to justify a conviction. The rule is stated to be: "It is not sufficient that the circumstances proved coincide with, account for, and therefore render probable the hypothesis sought to be established; but they must exclude, to a moral certainty, every other hypothesis, but that single one." Burrill Circumstantial Ev. 181. See, also, 1 Starkie Ev. 482; Best Pres., sec. 210; Wills Circumstantial Ev. 149; 1 Phillipps Ev. 438; 1 Greenleaf Ev., sec. 13 a.

The circumstances surrounding the finding of the carpet bag and dress pattern in the room occupied by appellant and Reed more strongly tend to show the guilt of the latter than the former, for the articles were found in the room which was more in the control of Reed than the appellant. The possession of the rooms was joint. The finding of the stolen property in such rooms, so occupied, could not raise the presumption of a separate and exclusive possession of either of the occupants. The prosecuting attorney, in his very able brief, admits that the circumstances under which the carpet sack and dress pattern were found were not sufficient to show a separate and exclusive possession in the appellant. But he insists that the possession was jointly in the appellant and Reed, and then proceeds to state certain portions of the evidence which showed that a very intimate relation existed between the two; and from the joint possession of the stolen property and these facts he argues that the larceny was committed jointly by appellant and Reed; but without deciding what would be the effect of a joint possession of the stolen property by persons jointly indicted, the joint possession of the stolen property in question can have no application to the present case; for the record does not even show that Reed was accused, let alone having been indicted and convicted of the larceny.

We are very clearly of the opinion that the verdict of the

jury was not supported by the evidence, and that the court erred in overruling the motion for a new trial, for which error the judgment must be reversed.

The judgment is reversed; and the clerk is directed to immediately certify this opinion to the court below, and to issue his order to the warden of the northern prison for the return of the prisoner to the Marion county jail, for a new trial in accordance with this opinion.

*W. W. Leathers,* for appellant.

*R. P. Parker, H. Lee, J. B. Elam,* and *J. C. Denny,* Attorney General, for the State.