Shears *v.* The State.

## SHEARS *v.* THE STATE.

[No. 17,946.   Filed February 17, 1897.]

PRACTICE.—*Cross-Examination of Witness.—Larceny.*—A person on trial for larceny who becomes a witness in his own behalf may be asked on cross-examination whether he had not committed other similar offenses, for the purpose of showing his character, and cred-ibility as a witness.   *pp. 53, 54.*

SAME.—*Criminal Law.—Evidence.—Larceny.*—Wherever the intent with which an alleged offense was committed is equivocal, and such intent becomes an issue at the trial, proof of other similar of-fenses within certain reasonable limits, is admissible as tending to throw light upon the intentions of the accused in doing the act complained of; but where from the nature of the offense under in-vestigation proof of its commission carries with it the evident im-plication of a criminal intent, evidence of the perpetration or at-tempted perpetration of other like offenses is not admissible for such purpose.   *p. 54.*

SAME.—*Evidence.—Harmless Error.*—It is harmless error on cross-examination of a person charged with larceny, who becomes a wit-ness in his own behalf, to permit questions to be asked him as to his connections with other crimes of a like nature where he denies having had any connection therewith.   *p. 55.*

WITNESS.— *Character. — Cross-Examination.— Larceny.*— One who testifies to the good character for honesty and integrity of a person charged with the crime of larceny may be asked on cross-examina-tion if he has ever heard of accused being implicated in crimes of a similar nature.   *p. 56.*

From the Henry Circuit Court. *Affirmed.*

*James Brown,* and *William A. Brown,* for appellant.

*William A. Ketcham,* Attorney-General, and *Frank E. Beach,* for State.

McCABE, J.—The appellant was prosecuted upon affidavit of James Donnelly, and information filed, charging him and Anthony Shears with the larceny of certain clothing of the value of $25.00. The circuit court overruled appellant's motion to quash the information. On the trial, the appellant was found guilty by the jury, fixing his punishment at a fine of $20.00, imprisonment in the State prison for two years, disfranchisement, and incapacity to hold office for three years. Judgment was rendered on the verdict, the court having previously overruled appellant's motion for a new trial. The assignment of errors calls in question the rulings above mentioned. The only error insisted upon in appellant's brief, is the action of the court in overruling his motion for a new trial. The other errors assigned are, therefore, deemed waived. The evidence was conflicting as to appellant's guilt. The prosecuting witness, Donnelly, testified that he and Tony Shears, Arthur Councellor, and appellant, went to the depot and stole some clothing, and hauled them in Arthur Councellor's wagon to the house of the latter and put them up stairs in said Councellor's house; that Councellor's wife was present at her home and saw them. He, Donnelly, admitted that he had before that time been stealing, in company with others, and had turned State's evidence against them. He also testified that he afterwards saw appellant wearing one of the stolen coats. This was contradicted by outside witnesses. The prosecuting witness was the only witness who testified to appellant's par-

ticipation in the larceny. Appellant testified that he was not among those who stole the goods in question, and knew nothing of the larceny. The wife of Councellor testified that the goods were brought to her house by the prosecuting witness and her husband, but that appellant was not there at all. Arthur Councellor also testified to his own guilt, but that appellant had nothing to do with the larceny. He also denied that he had any wagon or vehicle whatever at the time. Appellant also proved by several witnesses his previous good character for honesty and integrity. The case, therefore, stands on the evidence of the accomplice, Donnelly, alone, outside of some circumstantial evidence as to the appellant's participation in the larceny, against appellant's testimony, and the other two witnesses. We are not asked to reverse the judgment on the weight of the evidence, as we could not if even we were so asked. *Deal* v. *State,* 140 Ind. 354, and authorities there cited. But we are asked to reverse because of alleged error of law occurring at the trial of said cause. The appellant, on cross-examination by the State's attorney, had been asked, over appellant's objection, if he was not in the habit of stealing a little, to which he answered, "No, sir," and then the question, "Never?" over objection, to which he answered in the negative. Then he was asked, over objection, the question: "Didn't you and Tony break into the Arcade saloon here some time ago and take out of there considerable property?" There was no ruling on the objection. Then the question: "Among the property was some tobacco?" Objection again and no ruling, but he answered, "No, sir." "Q. I will ask you, if you are not selling, to your neighbors down there, tobacco?" This question was objected to on the ground that it was not a cross-examination, but the court overruled the objection and the appellant an-

swered, "No, sir." There were other questions and answers, over objections of the same character, but they were not made a ground for the motion for a new trial. If these questions were asked for the purpose of proving by the answers that appellant was guilty of the crimes indicated thereby, then there can be no question that the court erred in overruling the objec-tions thereto. It was not competent to prove by any witness, or evidence, that appellant had been guilty of such other crimes, for the purpose of authorizing an inference that appellant was guilty of the particular larceny charged against him. There is a class of of-fenses in which, from the nature of the offense itself, the necessity and propriety of this species of evi-dence is recognized by the courts. For instance, in cases of conspiracy, uttering forged instruments and counterfeit coin or money, and receiving stolen goods. In these cases, and others perhaps, the act itself which is the subject of inquiry is almost always of an equivocal kind and from which the animus can not, as in other crimes, be presumed, and almost the only evidence which could be adduced to show the guilt of the prisoner would be his conduct on other occasions.

Wherever the intent with which an alleged offense was committed is equivocal, and such intent becomes an issue at the trial, proof of other similar offenses within certain reasonable limits, is admissible, as tending to throw light upon the intentions of the ac-cused in doing the act complained of; but where from the nature of the offense under investigation, proof of its commission as charged, as in the case before us, carries with it the evident implication of a criminal intent, evidence of the perpetration, or attempted per-petration of other like offenses, ought not to be ad-mitted. *Strong* v. *State*, 86 Ind. 208, 44 Am. Rep.

292; *McIntire* v. *State,* 10 Ind. 26; *Smith* v. *State,*
10 Ind. 106; *Lovell* v. *State,* 12 Ind. 18; *Todd* v. *State,*
31 Ind. 514; *Bonsall* v. *State,* 35 Ind. 460; *Engleman* v.
*State,* 2 Ind. 91; *Stitz* v. *State,* 104 Ind. 359. But there
is nothing in the record disclosing the purpose for
which the evidence was introduced or admitted.
Therefore, if there was any purpose for which it was
admissible, we must presume it was admitted for that
purpose, and there was such purpose, and that was
to affect the credibility of appellant as a witness. He
had not only become a witness in the cause for him-
self, but he had introduced evidence of his good char-
acter for honesty. It is proper, within the bounds of
propriety, to be controlled by the trial court, that the
antecedents of a witness may be subjected to a test
on cross-examination, and that questions which go to
exhibit his motives, as well as those tending to show
his character and antecedents, should be allowed. *Bes-
sette* v. *State,* 101 Ind. 85, and authorities there cited;
*Parker* v. *State,* 136 Ind. 284, 289, and authorities
cited on latter page; *Thomas* v. *State,* 103 Ind. 419, 439;
*Blough* v. *Parry,* 144 Ind. 463. But there is still an-
other reason why the ruling complained of is not avail-
able error.

The appellant answered the questions in the nega-
tive. No reason or authority has been given in the
brief of the learned counsel for appellant why the al-
leged error of permitting the questions was not ren-
dered harmless by the answer of appellant in the neg-
ative, and in his favor. The defendant's answers in
this case were all favorable to himself, and hence if
the jury believed him he was unharmed by such ques-
tions, even if they were incompetent. And if they did
not believe him, still the answers afforded no proof of
the supposed incompetent facts sought to be elicited
thereby. This court is required, on appeals in crim-

inal cases, to disregard "technical errors or defects
*   *   *   which did not, in the opinion of the Su-
preme Court, prejudice the substantial rights of the
defendants." Section 1964, Burns' R. S. 1894 (1891, R.
S. 1881); *Short* v. *State,* 63 Ind. 376; *Norton* v. *State,*
106 Ind. 163; *Binns* v. *State,* 66 Ind. 428; *Powers* v.
*State,* 87 Ind. 144. We hold that the error was harm-
less.

One of the witnesses, named Leander Livezey, testi-
fying to the good character of appellant for honesty
and integrity, on cross-examination was asked, over
objection and exception of appellant, if he had ever
heard the people talking about appellant and Anthony
Shears stealing chickens from Andrew Nicholson,
and if that was not the common talk; and if he hadn't
heard that the same two had robbed a spring house,
and that they had stolen corn from John Huddleson,
all of which were answered over objection by the de-
fendant in the negative. These questions were put in
cross-examination to the direct testimony of said wit-
ness as to the good character of appellant for honesty
and integrity. This was proper cross-examination.
The circuit court did not err in overruling appellant's
motion for a new trial. *Wachstetter* v. *State,* 99 Ind.
290. Therefore, the judgment is affirmed.