## COFF *v.* STATE OF INDIANA.

[No. 23,934.   Filed December 7, 1921.]

1. CRIMINAL LAW.—*Appeal.—Review.—Harmless Error.—Admission of Evidence.—Proof of Offense by Competent Evidence.* —In a criminal prosecution, where there is proof by undisputed evidence which is competent that defendant committed the acts charged, a judgment of conviction will not be reversed because of the admission of incompetent evidence tending to prove the same facts.   p. 418.

2. CRIMINAL LAW.—*Appeal.—Briefs.—Sufficiency.—Recital of Evidence.—Rules of Court.*—Under Rule 22 of the Supreme Court it is the imperative duty of one appealing from a judgment of conviction to recite in his original brief in narrative form so much of the evidence as would inform the court what evidence there was proper to be considered in deciding the questions sought to be presented.   p. 418.

3. CRIMINAL LAW.—*Appeal.—Briefs.—Absence of Evidence.— Admission of Incompetent Evidence.—Presumptions.*—Where appellant claimed error in the admission of evidence, but there was no condensed recital of the evidence, in narrative form in his brief, so as to permit a review of questions requiring a consideration of the evidence, it must be presumed on appeal that the evidence sustained the verdict, and therefore that appellant was not harmed by the admission of the evidence objected to, even if it should have been excluded.   p. 418.

From Wayne Circuit Court; *William A. Bond,* Judge.

Prosecution by the State of Indiana against James Coff.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Arthur G. Lindemuth,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

EWBANK, C. J.—Appellant was charged by affidavit with the offense of "maintaining a common nuisance, by then and there keeping and maintaining certain rooms (describing them and their location) where divers persons were then and there permitted by him * * * to resort for the purpose of drinking intoxi-

cating liquors as a beverage," etc. No question is presented as to the sufficiency of the affidavit under §20 of the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918). The appellant entered a plea of "not guilty" but was found guilty and sentenced to pay a fine of $100, and to be imprisoned for thirty days. He filed a motion for a new trial for the alleged reason (among others) that the court erred in admitting certain evidence. The motion was overruled and appellant excepted, and has assigned the ruling as error. What purports to be a bill of exceptions containing the evidence fills more than two hundred pages of the transcript, but the "Statement" in appellant's brief, as amended upon leave of court, does not set out a syllable of the evidence, nor even refer to what it was, except by reciting a specification in the motion for a new trial. In the "argument" in his brief, after stating it was error to permit the introduction of a designated kind of evidence, appellant asserts that "the court permitted five witnesses for the state so to testify, to wit," and gives the names of five persons, with a reference to certain pages and lines after each name. Nothing more is stated in his brief concerning what any witness testified, but appellant asserts and relies upon the proposition that if evidence offered by the state was improperly admitted a presumption arises that it must have been prejudicial to his rights.

The brief for the appellee states that without objection by appellant five witnesses testified directly to facts establishing appellant's guilt. We have examined the record and find that witnesses did testify that the appellant kept a restaurant in the rooms named, and that many different persons came to the restaurant and there bought soft drinks from appellant, and mixed intoxicating liquors with them and drank the mixture, in the

presence of appellant and with his knowledge, for some weeks, until the chief of police interfered, and that some of those persons became drunk in the restaurant and there sang, shouted and played upon musical instruments. Some of the witnesses testified that appellant held the watch of a messenger, sent outside for intoxicating liquor by a customer, as security for the messenger's return, and that "pop," which was sold by appellant, was mixed with intoxicating liquors brought in by customers and drank at tables in the restaurant. Some of them testified that appellant drank whisky there with his customers.

Appellant did not file a reply brief, and has not pointed out any evidence tending to dispute that above referred to, or any from which the jury could have

1. believed that appellant did not do the acts charged. And if it was proved by undisputed evidence which was competent that he did those acts a judgment of conviction should not be reversed, even if it appears that incompetent evidence tending to prove the same facts was also admitted. *Domestic Block Coal Co.* v. *De Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Ginn* v. *State* (1903), 161 Ind. 292, 295, 68 N. E. 294; *Sangster* v. *Bricker* (1918), 66 Ind. App. 409, 414, 118 N. E. 383; Ewbank's Manual (2d ed.) §257. Therefore we do not find it necessary to consider and do not decide whether or not the evidence complained of should have been excluded for the reasons urged by appellant.

Under Rule 22, it was appellant's imperative duty to recite in his original brief, in narrative form, so much of the evidence as would inform the court what

2, 3. evidence there was proper to be considered in deciding the questions sought to be presented. This not being done we must presume that the evidence sustained the verdict. And since that evidence, if un-

disputed, would render harmless the errors complained of we must assume that appellant was not harmed by the admission of said evidence, even if it ought to have been excluded.

No reversible error being shown the judgment is affirmed.

Myers, J., absent.