Dillon v. State—194 Ind. 600.

---

## DILLON v. STATE OF INDIANA.

[No. 24,305.   Filed February 21, 1924.   Rehearing denied May 23, 1924.]

1. GAMING.—*Keeping Place for.*—*Proof of, Participation by All Charged.*—*Unnecessary.*—In a prosecution for knowingly permitting a room controlled by defendant to be used for gaming by certain persons whose names were given in the indictment, proof that all such persons had participated in the gaming was unnecessary, and would serve no useful purpose, proof that one person named in the indictment had been permitted to participate in gaming for money being sufficient.   p. 603.

2. CRIMINAL LAW.—*Appeal.* — *Evidence.* — *Admission.* — *Objections.*—An appellant cannot take advantage of objections to the admission of evidence which were not presented to the trial court.   p. 604.

3. APPEAL.—*Evidence.*—*Admission.*—*Objections.*—*Variance between Brief and Record.*—Where appellant's brief is at variance with the record concerning the ground for objecting to

the admission of evidence, the point in relation thereto will not be considered on appeal. p. 604.

4. CRIMINAL LAW.—Evidence.—Admission.—Motions to Strike Out.—Admission of incompetent evidence over objection and overruling motions to strike out such evidence are harmless, even though erroneous, where the questions did not relate to any matter which constituted an essential element of the offense, or to any fact subsidiary thereto, or where the same matters were proved by uncontroverted competent evidence. p. 604.

5. CRIMINAL LAW.—Appeal.—Reversal.—Admission of Irrelevant Evidence.—A judgment of conviction will not be reversed for the admission of irrelevant evidence which was clearly harmless and did not prejudice the defendant. p. 605.

6. CRIMINAL LAW.—Appeal.—Reversal.—Admission of Incompetent Evidence.—The admission of incompetent evidence of facts proved by undisputed competent evidence is harmless error and will not require the reversal of the judgment. p. 605.

From Marion Criminal Court; *William V. Rooker,* Special Judge.

Thomas B. Dillon was convicted of knowingly permitting a certain room to be used for gaming, and he appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged with having knowingly permitted a certain building and a room therein, of which he was the owner, to be used for gaming by certain persons, naming them, and other persons to the grand jury unknown; and that he did knowingly and unlawfully permit persons, naming them, and other persons to the grand jury unknown, in and about the building and the room alleged, to play a certain game of chance called "craps", which persons engaged in playing for money and other articles of value.

The court tried the cause without the intervention of a jury, upon defendant's plea of not guilty, and found

the defendant guilty as charged in the indictment; which was followed by a judgment of guilty, from which appellant appeals.

The appeal is based upon the alleged erroneous overruling of appellant's motion for a new trial, for the causes, that the finding of the court is not sustained by sufficient evidence and is contrary to law, and the admission in evidence of the answers to questions over the objection of appellant, and in overruling appellant's motion to strike out certain evidence.

It appears from the uncontroverted evidence that appellant and his wife were the owners of the two-story frame building located at the northwest corner of McCarty street and Capitol avenue in the city of Indianapolis, Marion county, Indiana, where the scene of the offense as charged in the indictment is laid, and that they occupied the second story thereof as a dwelling. Two rooms of the lower floor of this building were brought into the evidence. The front room facing south and east was used for a dry beer saloon where soft drinks and tobacco were kept for sale. In it was located a bar. A door opened through the rear wall of this barroom to another room in which was a pool table, and upon which pool table, the gaming in question was conducted. Two of the men named in the indictment and others had frequented both the barroom and poolroom during the months of May, June, and July, 1922, all of whom had entered into the game of "craps" on the pool table in the rear room, and played the game for money. The net losses of one of the men named in the indictment had reached the sum of $5,000, and, on one day, he lost the sum of $1,600 in one play. During the times that these different persons had been so gaming for money in this rear room, appellant had appeared from time to time, mingled among those present, and had looked upon the game when it was being played

by those who testified of gaming there. At one of these visits of appellant to the gaming room, there was a great pile of money on the pool table, which consisted of coins and currency. The evidence further discloses how the game was played and how the bets were made thereon, and how a "take off" was paid to the man in charge who held the stakes for the house. Defendant did not testify in his own behalf, neither did he offer any evidence in denial of the essential elements of the crime.

Under the cause for a new trial that the finding is not sustained by sufficient evidence, appellant makes the proposition, that although two of the persons named in the indictment as having entered into the game testified that they had gambled in the second room by playing craps with dice, for money, that there was no evidence that the third person named in the indictment had ever engaged in gaming therein, and asserts that the rule of law in such cases is, that in a prosecution for permitting gambling in a building, the names of the persons suffered to gamble must be stated and proved as alleged. The essential element of the offense, that the building was used for gaming, is established by undisputed competent evidence that three persons gamed therein, and it could serve no useful purpose to prove that a hundred persons had gamed there, or that all those named in an indictment as having so participated, did game, the fact having been proven by competent and undisputed evidence that one person named in the indictment so gamed therein. A rule should neither be obnoxious nor unreasonable, which would be the case were it held to be necessary to prove that everyone named in an indictment as having been permitted to participate in gaming for money had gamed as alleged. It is sufficient that the owner knowingly permitted his building to be used for gaming by

two persons as well as to have the proof show that three, or a thousand, were permitted to use the same for gaming on the same day.   The evidence in this case shows that three had been gaming for money at the place named in the indictment.  *Dormer* v. *State* (1850), 2 Ind. 308.

Appellant complains of the action of the trial court in overruling his motion to strike out an answer by a witness upon the ground that it was hearsay evidence, but the record discloses that the objection 2, 3. made at the trial was upon another ground. Where the brief is at variance with the record concerning the ground of objection, the point in relation thereto will not be considered upon appeal.  Appellant on appeal cannot take advantage of objections not presented to the trial court.  *Lucas* v. *State* (1910), 173 Ind. 302, 306, 90 N. E. 305; *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 437, 79 N. E. 369, 11 Ann. Cas. 879; *Musser* v. *State* (1901), 157 Ind. 423, 431, 61 N. E. 1; *Chandler* v. *Beal* (1892), 132 Ind. 596, 32 N. E. 597.

Appellant challenges the rulings of the court in overruling his objections to questions and his motions to strike out evidence.  It is unnecessary to quote 4. the objections, questions or motions.  The questions and answers were objectionable, and appellant's objections and motions thereto respectively should have been sustained, and the rulings of the trial court thereon constituted error.  But the errors were harmless, in that the questions either did not relate to any proof of any essential element in the offense, or of any fact subsidiary thereto, or the questions elicited incompetent evidence of a fact proven by uncontroverted competent evidence; neither did the answers give any proof of any essential element in the offense or of any fact subsidiary thereto, or the answers were in proof

of a fact proven by other uncontroverted competent evidence.

It is also claimed that evidence of statements, in the absence of appellant, made by witnesses to others, and to each other, was admitted erroneously, but all 5. such evidence was harmless. Where such evidence does not prejudice the rights of the accused, and is harmless, the judgment will not be reversed because of its admission. *Turbeville* v. *State* (1873), 42 Ind. 490. Neither will a judgment of conviction be reversed because of the admission of evidence which was clearly harmless and not prejudicial to defendant, although it may have been irrelevant or immaterial. *Jones* v. *State* (1878), 64 Ind. 473; *Siberry* v. *State* (1893), 133 Ind. 677, 684, 33 N. E. 681; *Shears* v. *State* (1897), 147 Ind. 51, 55, 46 N. E. 331; *Osburn* v. *State* (1905), 164 Ind. 262, 275, 73 N. E. 601.

Appellant, with much force, insists that prejudicial error was committed by the introduction of incompetent evidence in proof, as claimed in his brief, 6. of what acts were done in the alleged gambling room. In answer to the contention, it is enough to say, that incompetent evidence of facts, proven by undisputed competent evidence, is harmless. *Coff* v. *State* (1921), 191 Ind. 416, 133 N. E. 3; *People* v. *Willy* (1921), 301 Ill. 307, 133 N. E. 859; *Parker* v. *State; ex rel.* (1846), 8 Blackf. 292; *Manchester* v. *Doddridge* (1852), 3 Ind. 360.

Every material element of the offense was proven by undisputed competent evidence.

Judgment affirmed.