BECK *v.* BAILEY ET AL.

(Decided April 15, 1929.)

*Mr. John A. Cline* and *Mr. James R. Cauble,* for plaintiff.

*Mr. Edward W. Dissette,* for defendants.

VICKERY, P. J. This action came into this court on appeal from the common pleas court of Cuyahoga county. The action was brought in the court below in partition, and the right of action, if any, arises out of the facts and circumstances surrounding the making of a will by Alfred Bailey, who died testate in 1909, leaving the real estate described in the petition to his widow for and during her natural life, and after her death to his two sons Fred and Charles, share and share alike, "provided that in one year after the death of myself and my wife, my two sons pay to my daughter Catherine Beck the sum of $500 and to each of my grandchildren, the three children of my deceased daughter fifty dollars each."

The record shows that, within a year from the time that the mother of these two sons died, they sought to pay the sum of money, to wit, $500, that was due to the daughter Catherine Beck, who, I believe, had died in the meantime, and also sought to pay to the three children of the deceased sister, the grandchildren of the testator, $50 each, as provided in the will, but in one case the estate had not been settled, nor had there been an administrator appointed, and in the other case it was difficult to locate the grandchildren, one of whom had no guardian. The record shows that a registered letter had been sent by some one in the interest of these two

boys, tendering or offering to pay the sums of money, and that was within the year after the death of the mother and the ending of the life estate. The record further shows that when this suit was brought, the money was paid into court by the two sons, or by some one in their behalf, that is, an amount sufficient to pay the sum of $500, that was due the one daughter, and the sum of $50 to each of the three children of the other daughter, making a total of $650 that these two sons were to pay.

Now because this money was not paid within the year, it is claimed that the title to the real estate had been divested from the sons, and became as though it were undisposed of property, and descended to all the heirs of the testator in proper proportions. In other words, the two sons, instead of taking this land by the last will and testament of their father, would take as heirs at law, together with the heirs of one sister and the children of the other sister, and therefore a right of partition could be maintained. This raises an interesting question, and some authority has been cited to show that a provision like unto the one under which the two sons of the testator claim was held to convey a fee that would be divested upon the nonhappening of the event; that is, on their neglect or refusal to pay the money within the year after the death of the life tenant, the sons, if the title had vested in them, were divested; that the word "provided" in that will conveyed only an estate subject to be defeated upon a condition subsequent, and it is claimed that that is true whether or not the impossibility of performing this condition in the will arose through the neglect or fault of those who take under the will; that

if as a matter of fact it became impossible of performance by reason of something beyond their control, it would still divest them of the estate and make it undisposed of property.

An authority has been cited to us which seems to bear out this construction. We doubt, however, whether that is the law of Ohio. It seems to us that this estate was vested in the sons immediately upon the death of the father, subject to a life estate of the mother, and, perhaps, if they neglected and refused to abide by the provisions of the will and pay a sum of money that was ordered to be paid by them to the one daughter and the children of the other daughter, it might have resulted in a disseisin of the sons so far as the seisin would be transferred to them by the will; but in the instant case we do not quite have that situation, and we wonder whether this provision in the will, although in the nature of a proviso, was not intended by the testator to give the title to the real estate to the sons with a charge upon it of $500 to one daughter and $150 to the children of the other daughter. In order to work a forfeiture of this estate, there would have to be a clear and intentional open endeavor to evade the provisions of the will.

Neither law nor equity favors forfeitures, nor do courts of law or courts of equity favor the holding of the title to real estate in abeyance. The title to the real estate must have vested in some one. It apparently was vested in the two sons by the terms of the father's will immediately upon the probation of this will, and, if vested in them, then it remained vested in them, unless by some act they forfeited the right to hold this property. Now, as already stated above, courts of law and courts of equity do

not favor forfeitures and will construe a provision in wills and deeds in a way to avoid a forfeiture, if it is possible so to do without rendering the use of the language fantastic, or without putting an unauthorized construction upon the words. Now, in the instant case it was difficult for these sons to pay this money; not that they were unwilling to pay it, but because it was difficult to learn to whom it should be paid. The daughter in the one case having died, it might well be a question of whether or not there was a lapse of that legacy; and efforts were made to pay the money to the grandchildren, and, as already stated, the money was brought into court to comply with the provisions of the will.

We think a proper construction can be placed upon this language in the will, that would be consistent with the intention of the testator, by construing this proviso to mean that the sums to be paid were to be a *charge* upon the estate, and that even though the sons did not succeed in actually paying them within the year, yet by paying them or offering to pay them within a reasonable time the provisions of the will were complied with and the title to the real estate became secure in the sons, in which event the plaintiff in this action would not be entitled to maintain this partition suit. The plaintiff, and those who have interest with him, would only be entitled to recover the amount of their legacies, together with interest, perhaps from the decease of the mother of these men up to the time that it was tendered. In other words, the intention of the testator is best served by holding that this proviso in the will, under the circumstances of this particular case, is complied with by making the legacies a charge upon the estate,

rather than in divesting the title that is already vested in the two sons and making it pass as undisposed of property by last will. We think to hold any other way would be to do violence both to the intention of the testator and to the greater weight of authority upon this proposition.

We therefore are compelled to find in favor of the defendants, and a decree may be drawn accordingly.

*Decree for defendants.*

SULLIVAN and LEVINE, JJ., concur.