THOMAS *v*. STATE OF INDIANA.

[No. 31,147. Filed June 25, 1968. Rehearing denied August 14, 1968.]

*George Cohan* and *Sheldon Cohan,* of Gary, for appellant.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

PER CURIAM.—This is an appeal by Emmett Thomas, the appellant, for a verdict and finding of the Lake Criminal Court of Lake County, Indiana. The jury found the defendant guilty of the crime of bribery and/or soliciting a bribe; the court thereupon sentenced the appellant to the Indiana State Prison for a period of no less than two (2) years nor more than (14) years.

The appellant raised the issue that the Court erred in overruling this motion to quash. As in the case of *Noel* v. *State,* (1966), 247 Ind. 426, 8 Ind. Dec. 139, 215 N. E. 2d 539, so long as the affidavit states clearly in direct and unmistakable terms the nature and character of the charges lodged against appellant with "certainty to a common intent," he cannot effectively argue that his motion to quash was improperly overruled. The indictment was sufficient for a man of common intelligence to be able to ascertain that he was being charged with bribery under Burns § 10-601, and therefore apprise him of the nature of the charges that he was to defend. *Lander* v. *State* (1958), 238 Ind. 680, 154 N. E. 2d 507; *Herman.* v. *State* (1965), 247 Ind. 7, 6 Ind. Dec. 391, 210 N. E. 2d 249.

The indictment for bribery returned by the grand jury of Lake County stated the following:

"Emmett Thomas, of said County on the 25th day of June, A.D. 1963, at said County and State aforesaid, then and there being an employee of Lake County, a political subdivision of the State of Indiana, as a Deputy Sheriff and Patrolman of the Lake County Police, after his qualification, appointment and employment as such Deputy Sheriff and Patrolman of the Lake County Police, and while his said duty and employment was then and there to be a jailer in the Lake County Jail, did then and there unlawfully, feloniously and corruptly solicit and accept the payment of the sum of $20.00 in lawful money of the United States from one SAM JACKSON, then and thereby intending to corruptly and feloniously influence the official duty and employment of the said EMMETT THOMAS by then and there unlawfully providing the said inmate, SAM JACKSON, with an unauthorized female visitor, MARTEIL MOORE, for sexual intercourse."

In an appeal from a criminal conviction, it has been well settled that the state is entitled to the most favorable version of the evidence and all reasonable inference that may be drawn therefrom, and that the court will consider only that evidence most favorable to the state. *Rice* v. *State* (1967), 248 Ind. 200, 10 Ind. Dec. 59, 223 N. E. 2d 579; *Fisher* v. *State* (1966), 247 Ind. 529, 9 Ind. Dec. 108, 219 N. E. 2d 818; *Greenwalt* v. *State* (1965), 246 Ind. 608, 6 Ind. Dec. 129, 209 N. E. 2d 254.

The evidence most favorable to the state, by way of summary, sets out that the appellant was approached by an inmate of the Lake County jail and requested to provide the said inmate with a woman. The appellant thereafter approached a female of the same Lake County jail with a proposition and then proceeded to take $20.00 from the male inmate. Thereafter, the appellant took two prisoners to the "sewing room" where sexual intercourse was had with the woman inmate.

It is the law in the State of Indiana that the Supreme Court will not determine the credibility of witnesses when the question of sufficiency of evidence is raised; *Beatty* v. ██ *State* (1963), 244 Ind. 598, 194 N. E. 2d 727; *Meyers* v. *State* (1960), 240 Ind. 641, 168 N. E. 220. Thus, the conflict in testimony was for the trier of fact, the jury, and their decision should not be disturbed.

The appellant complains that the court erred in allowing State's Exhibits 1, 6 and 7 to be introduced at trial. Exhibit 1 is a ledger book entry tending to show the dates various members of the Lake County Sheriff's office were scheduled to work at the Lake County jail. Exhibit 6 is an auto damage report received by "Thomas." Exhibit 7 is a temporary complaint report received by "Thomas."

In *Smith* v. *State* (1937), 212 Ind. 605, 610, 10 N. E. 2d 899, 901 the court held that evidence tending to prove a material fact is admissible, even though its tendency ██ in that direction may be exceedingly slight. Any fact which legitimately tends to connect appellant with the commission of the crime is admissible. *Foreman* v. *State* (1938), 214 Ind. 79, 84, 14 N. E. 2d 456, 548. All of the exhibits offered by the State tend to prove the material fact of appellant's whereabouts on June 25, 1963, the crucial date involved. Exhibit 1, *supra*, is an exception to the hearsay rule in that it only tends to prove that appellant was scheduled to work on the 24th and 25th days of June, 1963. Thus, it does not go to whether the appellant worked on these days, but whether he was scheduled to work. Exhibits 6 and 7 are part of the official records of the Lake County Sheriff's department and as such are admissible due to their public character.

The appellant further alleged limitations of his right of cross-examination. Examination of the records indicates that these objections all fall within the purview of Burns' Ind. Stat. Anno. § 9-2320, which reads as follows: .

"In consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant."

It appears that none of the alleged incidences of misconduct occurring during the trial were of such prejudice to constitute error in the trial. In the case of *Dillon* v. *State* (1924), 194 Ind. 600, 142 N. E. 643, which case was cited by the appellant, the court stated:

"Appellant challenges the rulings of the court in overruling his objections to questions and his motions to strike out evidence. It is unnecessary to quote the objections, questions or motions. The questions and answers were objectionable, and appellant's objections and motions thereto respectively should have been sustained, and the rulings of the trial court thereon constituted error. But the errors were harmless, in that the questions either did not relate to any proof of any essential element in the offense, or of any fact subsidiary thereto, or the questions elicited incompetent evidence of a fact proven by uncontroverted competent evidence;

"It is also claimed that evidence of statements, in the absence of appellant, made by witnesses to others, and to each other, was admitted erroneously, but all such evidence was harmless. Where such evidence does not prejudice the rights of the accused, and is harmless, the judgment will not be reversed because of its admission. *Turbeville* v. *State,* (1873), 42 Ind. 490. Neither will a judgment of conviction be reversed because of the admission of evidence which was clearly harmless and not prejudicial to defendant, although it may have been irrelevant or immaterial. *Jones* v. *State* (1878), 64 Ind. 473; *Siberry* v. *State* (1893), 133 Ind. 677, 684, 33 N. E. 681; *Shears* v. *State* (1897), 147 Ind. 51, 55, 46 N. E. 331; *Osburn* v. *State* (1905), 164 Ind. 262, 275, 73 N. E. 601.

"Appellant, with much force, insists that prejudicial error was committed by the introduction of incompetent evidence in proof, as claimed in his brief, of what acts were done in the alleged gambling room. In answer to the

contention, it is enough to say, that imcompetent evidence of facts, proven by undisputed competent evidence, is harmless. *Coff* v. *State* (1921), 191 Ind. 416, 133 N. E. 3; *People* v. *Willy* (1921), 301 Ill. 307, 133 N. E. 859; *Parker* v. *State, ex. rel.* (1846), 8 Blackf. 292; *Manchester* v. *Doddridge* (1852), 3 Ind. 360.

"Every material element of the offense was proven by undisputed competent evidence.

"Judgment affirmed."

The appellant alleged that the court below erred in his motion for mistrial, based on the alleged prejudicial testimony of one Beverley Hayden. It is in the sound discretion of the trial court to determine if a legal necessity exists for the discharge of a jury. *Greenwalt* v. *State, supra.*

The following was the testimony of Beverley Hayden.

"Q. Will you state your name to the Court?
A. Beverley Hayden.
Q. And now, we will have to get that microphone in front of you or nobody will be able to hear you. It won't bite you. Now, will you give us your name again, please?
A. Beverley Hayden.
Q. Still not loud enough. We like to have everybody hear you, Beverley. Where do you live?
A. 1336 Washington at the present.
Q. 1336 Washington. And in what city?
A. Gary, Indiana.
Q. And are you married or single?
A. Married.
Q. And are you living with your husband?
A. Yes.
Q. At that address?
A. Yes.
Q. Any children?
A. One.
Q. How old is that child?
A. Twenty-one months.
Q. Beverley, do you know a man by the name of Emmett Thomas?
A. I do.

Q. Do you see Emmett Thomas in this courtroom today?
A. Yes.
Q. Will you point him out to the Court and jury?
A. (Indicating).
Q. This gentleman seated over here behind Attorneys George and Max Cohen?
A. Yes.

MR. STENHOUSE: Let the record show indicating the defendant.

Q. When did you first become acquainted with Mr. Thomas?
A. I think it was in June.
Q. In June of what year?
A. '63.
Q. And where did you meet Mr. Thomas?
A. Lake County jail.
Q. Do you recall what part of June it was?
A. No, I don't.
Q. You don't recall whether it was the first part or—

MR. COHEN: Objection, your Honor, as leading and suggestive. She has already said she doesn't recall.

THE COURT: Sustained.
MR. STENHOUSE:

Q. You met Mr. Thomas at the jail you say?
A. Yes.
Q. And this was in June of 1963?
A. Yes.
Q. And what time of the day or night was this?
A. It was about 6:30 in the evening.
Q. And had you come to Crown Point alone or with someone else?
A. I came with someone else.
Q. Who did you come with?
A. My sister.
Q. What is her name?
A. Barbara Hayden.
Q. Anyone else?
A. And a friend.
Q. Well, what's the friend's name?
A. Macy Harvey.

Q. And have you ever been at the Lake County jail on visiting days?
A. Yes.
Q. You know what the visiting days at the jail are?"

The testimony of the said witness was stricken by the court and the jury instructed to disregard it. This was properly within the discretion of the trial court.

Appellant argued that prejudicial news coverage resulted in a violation of the constitutional right of the appellant so that it was impossible to obtain a fair and impartial trial before any jury in the northern part of Indiana.

An alleged error occurring prior to and during trial, if relied on as cause for reversal, must first be assigned as ground in support of a motion for new trial, and errors not so presented are waived. *Denton* v. *State* (1965), 246 Ind. 155, 4 Ind. Dec. 420, 203 N. E. 2d 539. This procedure is to enable the trial court, whenever possible, to correct its own error without requiring the defendant to resort to the expense and trouble of a needless appeal. In *Green* v. *State* (1960), 241 Ind. 96, 168 N. E. 2d 345, this court stated that constitutional questions sought to be raised by appellant are waived by his failure to present them in his motion for a new trial.

For the reasons stated, the judgment of the trial court is affirmed.

Jackson, J., concurs in result.

Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 20.