STEVENS *v.* STATE OF INDIANA.

[No. 28,537. Filed May 24, 1949.
Rehearing denied June 16, 1949.]

418

*Nelson Bohannan, Charles E. Smith,* and *John B. Staggenburg,* all of Anderson, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor,* Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, for appellee.

STARR, J.—The record in the case from which this appeal is prosecuted discloses the proceedings as happening in the following order.

On July 10, 1946, the appellant was found guilty of receiving stolen goods by the verdict of a jury in the Madison Circuit Court; thereafter, on August 9, 1946, the appellant filed his motion for a new trial, which motion, at said date, was overruled. At the time the motion for new trial was overruled appellant requested, and the court purported to grant, ninety days for the perfecting of an appeal. On August 12, 1946, the appellant filed his appeal bond which was then approved. On the 4th of November, 1946, at the request of the appellant, the court purported to extend his time for

appeal for an additional period of 120 days; and again on February 28, 1947, at the request of the appellant, the court purported to re-extend appellant's time for perfecting his appeal to July 9, 1947.

The appellant did not attempt to perfect his purported appeal to this court from this verdict upon which no judgment had been rendered.

On November 19, 1947, the trial court entered an order which, after reciting the facts shown in the above orders, stated:

"Now on this date, November 19, 1947, no appeal having been taken and the time having expired, for the taking of said appeal, the Court orders a warrant issued to the Sheriff of Madison County, Indiana for the defendant Eugene Morgan Stevens to have him present in the Madison Circuit Court on or before December 19, 1947 at 9 o'clock A. M. of said day for sentence."

On December 27, 1947, the appellant was brought into open court and for the first time judgment was rendered on the verdict of July 10, 1946, whereby the appellant was sentenced to the Indiana Reformatory for a period of not less than one year or not more than ten years, and fined in the sum of $100 and disfranchised for a period of one year. Thereafter, on the 29th of December, 1947, the appellant moved to strike the order of November 19, 1947, and the order sentencing the appellant of December 27, 1947, on the ground that by the delay of the court in rendering judgment, the court had lost jurisdiction of the cause.

After many continuances, and after the appellant had filed a recognizance bond for his appearance from time to time, which was approved by the court, the next entry shows that on December 24, 1948, there was filed in said cause, by the appellee, what is designated as an

"answer and counter affidavit" to appellant's said motion to strike, which is in words and figures as follows:

"Comes now P. B. O'Neill and represents as follows:

(1) That he is an attorney of this bar in private practice, and that he was employed by the prosecuting witnesses or the injured parties to appear and get the above entitled cause of action set for trial and heard before a jury. That the case was set for trial on many occasions but for some reason or other was each time continued and not tried. That finally after the defendant or his attorneys continued to ask postponements, the case was heard by a jury and the defendant finally convicted.

(2) That thereafter every delay of every kind was instituted or caused by the defendant or those representing him.

(3) That bond was given for an appeal, a transcript ordered and those representing the State thought the case was being appealed in good faith and made no objections to the fact that the transcript was not prepared within the time prescribed since those appealing for the state were always willing that the defendant would be ready to exercise any legal right, but as it turned out the appeal was never perfected and it was not the intention of the defendant to appeal but all of the appeal proceedings were used again for the purpose of delay.

(4) That also when it became known that the court would overrule a motion for a new trial and sentence be pronounced, that the defendant in open court and his attorneys told the court that it would be a hardship upon the business of the defendant and innocent people dealing with him to not permit him to keep his work in the electrical business and that the defendant desired to make additional representations to the court for the purpose of securing a suspended sentence. That the defendant failed to make any additional representations to the court even though given every opportunity so to do.

(5) That each and every delay showing in this

record of the case was entirely the fault of the defendant and his attorneys.

*Philip B. O'Neill*

SUBSCRIBED AND SWORN
TO BEFORE ME THE UNDER-
SIGNED THIS 24th day of
December, 1948.
*Jane Castor*
Jane Castor, Notary Public
My Commission Expires
October 15, 1950.

The above statements are approved by me as correct.

*Harold J. Anderson*
Prosecuting Attorney for the
50th Judicial District of
Indiana."

The record further discloses that on said last mentioned date the court overruled appellant's said motion. Thereupon, on the same date, the appellant filed his verified petition for release and discharge on the grounds that said judgment entered on December 27, 1947, was null and void. This petition was denied.

The appellant has assigned as error the overruling of his verified motion to strike out the orders of the court of November 19, 1947, and December 27, 1947, and the overruling of his petition for release and discharge.

Section 9-2201, Burns' 1942 Replacement provides:

> *"When judgment pronounced.* After a finding or verdict of guilty against defendant, if a new trial be not granted, or the judgment be not arrested, the court must pronounce judgment."

Under this statute it has been determined that sentence and rendition of judgment may not be prolonged for an indefinite and uncertain period of time. It has been said that even though the defendant is permitted his liberty under recognizance, " . . .

it is the duty of the court upon a plea of guilty or upon a finding or verdict of guilty, to impose sentence at that time unless there is a reasonable excuse for delay, which delay must be for a time certain for a definite recognized legal purpose, and that an indefinite postponement of rendering judgment or pronouncing sentence will deprive the court of jurisdiction of the person of the defendant, from which it follows that a subsequent sentence is void." *Warner* v. *State* (1924), 194 Ind. 426, 431, 143 N. E. 288. See also *Smith* v. *State* (1919), 188 Ind. 64, 121 N. E. 829.

The above quoted portion of *Warner* v. *State, supra,* has been broadened and explained by subsequent decisions of this court. It has been held that the trial court has the right to delay the rendition of judgment against a defendant found guilty of a criminal charge until the time that the motion for a new trial is overruled, as until that time the court retains jurisdiction. *Headlee* v. *State* (1929), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433. In the case last cited the case of *Warner* v. *State, supra,* was held not to apply because there a plea of guilty was involved, upon which there could be no motion for a new trial pending to prevent the court from losing jurisdiction. Later, it was decided by this court that delay for a time certain, after a finding of guilty, does not mean that the time must be fixed for a certain day, month or year; therefore, when a defendant's attorney requested and was granted a reasonable time in which to file a brief on his motion for a new trial, the delay in pronouncing sentence until the time the motion for new trial was ruled on was due to this request, at the invitation of the defendant, and such an extension was sufficiently certain. *McLaughlin* v. *State* (1934), 207 Ind. 484, 192 N. E. 753.

From a reading of the last mentioned case we understand that this court assumed at least that rendering

judgment on a finding of guilty cannot be delayed until a motion for a new trial is ruled upon unless cause is shown or such delay is requested by the defendant; to that extent it modifies. *Headlee* v. *State, supra.*

It is our opinion that the proper interpretation of said § 9-2201, Burns' 1942 Replacement, is that the trial court may delay the pronouncement of judgment if he sees fit during the time allowed for the filing of a motion for a new trial, and if a motion for a new trial is filed within time, then the trial court may delay such pronouncement until the time that such motion is overruled. This is the rule as laid down in *Headlee* v. *State, supra.*

All of the cases hold that where the delay in rendering judgment is at the invitation of the defendant, no objection can be made to such delay. See *Varish* v. *State* (1928), 200 Ind. 358, 163 N. E. 513; *McLaughlin* v. *State, supra.*

We have examined the bill of exceptions which purports to set out all the evidence in this case, and find that the designated answer and counter affidavit was not offered in evidence, and, therefore, cannot be considered by this court. *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775; *Headlee* v. *State, supra; State* v. *Beckwith* (1944), 222 Ind. 618, 57 N. E. 2d 193. Nor was there any evidence offered by either of the parties as to whether or not the delay in rendering judgment was at the invitation of the appellant, or brought about by his acts.

In view of this total lack of evidence on this question, it becomes necessary for this court to decide whether the burden of proof rested upon the appellant to establish that the delay in the rendition of judgment was not brought about by the invitation of the appellant. In the case of *Smith* v. *State, supra,* which involved delay in rendering judgment on a plea of

guilty, this court decided, without citation of authority, that where the record is silent as to the reasons for postponement of sentence, this court will not presume that the delay was justifiable. We cannot agree that this is a correct statement of the law, and as to that portion of the opinion, the same is overruled. All presumptions must be indulged in favor of the action of the trial court. Taking the view most favorable to the appellant that the record is silent as to the reasons for postponing sentence, this court must assume that the delay was justifiable. *Alyea* v. *State, supra.* With this assumption we must conclude that the burden of proof rested on the appellant to establish that the delay in the rendition of judgment was not brought about by his invitation. This burden the appellant failed to accept and carry out.

On account of the view we have taken, it is not necessary to decide whether the record does, in fact, disclose that the delay was brought about by the appellant. It might well be argued, however, that the giving of an appeal bond, and the various attempts of the trial court, at the request of the appellant, to extend the time for appeal, all amounted to an invitation to the trial court by the appellant not to render judgment, and that these acts of the appellant put in motion a course of conduct on the part of the appellant which led to the delay. The court and appellant should have known as a matter of law no extensions of time for appeal could be granted by the trial court. Rule 2-2 of this court specifically provides that an appeal in a case such as we have under consideration, must be taken within ninety days from the date of judgment, or the ruling on the motion for a new trial and any extension of time for the perfecting of such an appeal, must be granted by the court to which such

appeal is sought. The granting of time by the trial court to appeal, in any case, is a mere nullity.

Judgment Affirmed.

NOTE.—Reported in 86 N. E. 2d 84.