ARNOLD *v.* STATE OF INDIANA

[No. 29,730. Filed June 23, 1959.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General and *John A. Pushor,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal by Robert C. Arnold from a judgment of the Vanderburgh Circuit

Court convicting him of the crime of vehicle taking. The cause was tried by the court without intervention of jury and upon a finding of guilty the appellant was sentenced to the Indiana State Prison for a period of not less than one nor more than ten years. The errors assigned are those contained in the motion for a new trial.

The first main contention is that the evidence is insufficient to sustain the decision of the court for the reason that the vehicle alleged to have been taken was not sufficiently identified. For that purpose, we must review briefly the evidence most favorable to the State upon this point.

It shows that on the night of July 12, 1958 Gerald Osborne, the owner of a 1957 Chevrolet Convertible automobile, with the appellant, Arnold, after having some engine trouble, drove in to the Red Bird Filling Station in Evansville, Indiana. Osborne arranged to leave the car at the filling station and the appellant asked permission of him to sleep in the car during the night. When Osborne returned to the filling station the next morning, his car was gone. Later that day a State police officer arrested the appellant for drunken driving and on the stand he testified that the appellant was driving a 1957 yellow Chevrolet. When he questioned the appellant he said it belonged to "a buddy" of his, and gave a name other than that of Osborne, and that the owner had given him permission to sleep in the car the night before and that he took the car out. The officer said he later checked and found that this car was reported stolen. At the time of the arrest the car was damaged, with a hole in the grill, the mirror missing, the radio aerial was broken off and it was muddy. When the appellant took the stand he stated that he and one Miller "stayed in the car

until we got a shove and got it out of there" when they woke up the next morning at the filling station. He also stated: "Miller first drove the car and left it and I then drove the car after he left it." and "I was looking for that Red Bird Filling Station" at the time arrested. He further stated that he did not have the consent or permission of the owner to drive the automobile.

Osborne, the owner, testified that he had reported the car stolen; that he gave no one permission to drive it and that when he saw it the next time it was damaged on the front end and was splattered with mud, the mirror was broken off and the aerial broken off.

From this testimony we believe any reasonable person could conclude that the car which the appellant had at the time he was arrested by the State policeman, by his own admission, was the same car that the owner, Osborne, had granted him permission to sleep in the night before. The evidence on this point was sufficient to sustain the decision and judgment of the court

The cases cited by the appellant may be readily distinguished by the facts here presented. *Shelby* v. *State* (1951), 229 Ind. 186, 96 N. E. 2d 340; *Lee* v. *State* (1954), 233 Ind. 176, 118 N. E. 2d 115; *Billman* v. *State* (1955), 234 Ind. 553, 129 N. E. 2d 795.

The second contention made by the appellant is that he was not adequately represented by counsel during the trial. He points out that it was necessary for his present counsel to file an amended or supplemental motion for a new trial. He further contends that there was a failure on the part of the trial counsel to subpoena certain witnesses; a failure to object to certain evidence; to make a motion for a directed verdict by reason of insufficiency of evi-

dence; that there is newly discovered evidence and that a new trial should be granted by reason of newly discovered evidence. We have considered all these contentions and find that there is no merit in them for the reason there is no showing that the appellant was prejudiced thereby in any respect.

The motion for new trial was amended within statutory time and all claimed errors have been presented to this court without prejudice to the appellant. There is no showing that by reason of the failure to subpoena the wintesses in question, evidence could have been produced that would have changed or had any effect on the results in this case. There is no showing that by reason of failure to object to testimony, incompetent testimony was admitted, nor were valid, specific objections set forth thereto. The alleged newly discovered evidence was based upon an affidavit of appellant's father that the prosecuting witness, Osborne, had told a third party, Paul Dean, that he had given the appellant his keys to the automobile on the evening in question. The evidence stated in the affidavit was nothing more than hearsay by the father.

In *Hendrickson* v. *State* (1954), 233 Ind. 341, 344, 118 N. E. 2d 493, we said:

"... Frequently, even the best of attorneys make decisions during the course of a trial which later may appear to have been errors in judgment. This is a natural result of the imperfections of man and are circumstances which cannot be avoided and must be expected. We cannot 'second guess' a trial attorney and reverse a case simply because some other attorney might, under the attending circumstances, have pursued a different course." *Stice* v. *State* (1950), 228 Ind. 144, 89 N. E. 2d 915; *Dowling et al.* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801; *Lunce, Reynolds* v. *State* (1954), 233 Ind. 685, 122 N. E. 2d 5.

The judgment is affirmed.

Achor, C. J., Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 278.