## MICKS v. STATE OF INDIANA.

[No. 30,766. Filed October 18, 1967. Rehearing denied December 21, 1967.]

*Ferdinand Samper* and *Forrest Bowman, Jr.,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Wilma T. Leach,* Deputy Attorney General, for appellee.

LEWIS, J.—The appellant was convicted of robbery and sentenced to 10-to-25 years in the Indiana State Reformatory. The trial was by jury. The defendant appellant filed a motion for a new trial alleging:

(1) The verdict of the jury was not sustained by sufficient evidence;

(2) The verdict of the jury was contrary to law.

Appellant's counsel thereafter filed a petition for permission to file a belated motion for a new trial. Permission was granted and the belated motion incorporated the specifications contained in the original motion for a new trial and added specification 3 through 10 inclusive. The belated motion for a new trial was overruled and this appeal then prosecuted.

The appellant urges specifications 1, 2, 5, 7, 8 and 10 of his belated motion for a new trial. Specifications 5, 7, 8 and 10 are as follows:

"5.   Error of law occurring at the trial in this:   The Court erred in refusing on its own motion to permit the witness Roy Thomas Owen to answer the following question during cross examination by the defendant which question and ruling are set out as follows, to-wit:

'Q.   You don't know if either one of them removed it, do you.

'THE COURT: He's already answered that question, he said he didn't.'

"7.   Error of law occurring at the trial in this:   The Court erred by reading from paraphrasing and commenting upon in the presence of the jury State's Exhibit Number Three which remarks of the Court are set out as follows, to-wit:

'THE COURT: Well, this is self-certifying, it has the seal of the Secretary of State of the State of Indiana. I will overrule the objection. Show State's Exhibit Three admitted into evidence over objection and examined by the Court. Rather than take the time to pass it to the jury, it is a certificate of the Secretary of State, which states, paraphrasing, in effect, that the United Oil Service, Inc. is a corporation according to the records now on file in the office of the Secretary of State, filed the eighteenth of November, 1953, setting forth that it was a corporation existing as of February twenty-fifth, 1964. Go ahead.'

"8.   Error of law occurring at the trial in this:   The Court erred in admitting in evidence over the objection of the defendant the following testimony of the witness Eddie Keith Duckworth during direct examination by the State of Indiana which question, objection, ruling and answer are set out as follows, to-wit:

'THE COURT: I will overrule it. He may answer. The question is, what did you do next.

'DIRECT EXAMINATION RESUMED BY MR. BARNEY

'A.   Well, I knocked on the door, and Mr. Micks opened the door. I observed Mr. Mothershead run into the other room. I chased Mr. Mothershead.

'Mr. McMASTER: Now, I object. Your Honor, Mr. Mothershead isn't a party to this action.

'THE COURT: The question is, what did you do. He is telling what he did. I will overrule the objection.

'A. Mr. Mothershead tried to flush some money down a toilet which didn't work. Officer Pritchett grabbed Mr. Micks. We handcuffered both subjects. And upon interrogating them, we recovered a pistol underneath the cushion on the davenport, we recovered a padlock, a master padlock and a set of keys belonging to the filling station laying on a table in the front room.'

"10. Error of law occurring at the trial in this: The defendant was denied representation by counsel by reason of the inadvertent failure of defense counsel to establish by proper questions that the witness Eddie Keith Duckworth did not have probable cause to believe the defendant guilty of the commission of a felony at the time the witness Eddie Keith Duckworth entered the private home of the defendant."

Specification 5, *supra,* indicates that the Court pre-emptorily shut off cross-examination of witness Owen. We conclude that the record fails to disclose that it was manifest abuse of discretion on the part of the Trial Court that resulted in injury to the appellant.

". . . It is a settled rule of practice in this state that the extent of the cross-examination permitted is within the sound discretion of the trial court and only an abuse of this discretion is cause for reversal on appeal. . . . to justify a reversal on account of the admission or exclusion of questions on cross-examination, there must have been manifest abuse of discretion to the injury of the complaining party." *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822.

Specification 7, *supra,* is alleged error at law which occurred at the trial when the Court read to the jury the substance of State's Exhibit Number 3. Exhibit Number 3 was a certificate from the office of the Secretary of State of the State of Indiana showing the corporate existence of United Oil Service, Inc., a corporation. The Court not only commented to the jury concerning the exhibit, but also interpreted the instrument. We emphasize here the rule laid down by this Court in *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848, which is as follows:

". . . It is equally important that the judge be impartial. . . . The federal practice permitting the judge to comment on the evidence does not prevail in our State courts. . . ."

We also re-emphasize the holding of this Court in the early case of *Aszman* v. *The State* (1889), 123 Ind. 347, 24 N. E. 123, in which this Court said, in substance, that judges are not permitted to comment upon the weight and value of evidence. This Court said, in substance, in *Reinhold* v. *The State* (1891), 130 Ind. 467, 30 N. E. 306, that the Court may not make statements in excess of what was proper . . . and certainly no statement could be made that could be calculated to influence the minds of the jury to the prejudice of the accused. Here, however, we are not at all convinced that the interpretation of an instrument by the Court in any way prejudiced the accused. We do not condone this practice and think the safer presentation to the jury would be to follow the practice of having counsel read the exhibit word for word to the jury leaving the interpretation to the jury or, in lieu thereof, to pass the exhibit to the jury and let the jury, member by member, read the exhibit and let each juror, for himself, make his own interpretation. The Court's departure from the normal and accepted practice here, however, is not reversible error; particularly since counsel did not object; did not move for an instruction asking the Court to tell the jury that the Court entertains no opinion concerning the guilt or innocence of the defendant and that the Court did not have any opinion concerning the probative value of Exhibit Number 3; and, counsel did not move for a mistrial.

We remind counsel that it is his duty, if he desires to save a question for appeal, to make proper objections and to request proper remedies from the Trial Court. This is just as true when the alleged errors are committed by the Court as when erroneous and improper questions are propounded by opposing counsel.

This Court made the following statement in *Dull* v. *State* (1962), 242 Ind. 633, 180 N. E. 2d 523:

"Although there may be some question about the temperateness of the remarks, no objections were made thereto at the time. A party may not sit idly by and make no objections to matters he might consider prejudicial, awaiting the outcome of a trial, and thereafter raise such question for the first time." Quoting with authority from *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 664.

And, we believe the directions set out in *Gamble* v. *Lewis, supra,* are particularly useful here: prompt objection, if reasonably required; a request for limiting instructions stating why the harm done could not be cured, as well as a motion for mistrial, are required.

". . . We cannot permit litigants to gamble on the possibility of a favorable verdict, . . ."

Specification 8, *supra,* alleges error on the part of the Trial Court in permitting the prosecuting attorney to elicit from a police officer certain acts purportedly committed by one Mothershead at the time the police officer arrested Mothershead and the appellant. Mothershead and the appellant were indicted as principals for the crime covered by this affidavit, and they were tried separately. The substance of the evidence offensive to appellant in his specification of error is substantially as follows:

At the time of the arrest of appellant the officer testified that as he entered the premises where appellant and Mothershead were arrested, Mothershead rushed through the house and attempted to flush some money down a toilet. The officer at this time arrested Mothershead and appellant. At the time of the objection to the evidence the Court properly stated that it was limiting the answer to what, if anything, the officer said and did at the time of the arrest of the appellant. Every-

thing that occurred that is objected to by appellant occurred in his presence and all acts were committed by his co-defendant. The appellant did not make any comment, nor did he participate in the acts of Mothershead; and, therefore, we fail to see where appellant was harmed and in what manner this testimony prejudiced the substantial rights of appellant.

> ". . . Where such evidence does not prejudice the rights of the accused, and is harmless, the judgment will not be reversed because of its admission." *Dillon* v. *State* (1923), 194 Ind. 600, 142 N. E. 643, quoting with authority from *Turbeville* v. *The State* (1873), 42 Ind. 490.

Furthermore, if appellant felt aggrieved by the testimony, he would have completed his record by moving to strike; moving for a corrective instruction; or, finally moving for a mistrial. In each of the foregoing affirmative actions, appellant would have found it necessary to point out to the Court the prejudice and harm that he had suffered.

Specification 10, *supra,* complains of error because of incompetency of counsel. The appellant complains that trial counsel failed to propound a question which had it been properly answered, a motion to suppress the evidence found by Officer Duckworth at the time of the arrest of appellant would have been sustained. Much has been written on the question of this Court's duty when competency of counsel is questioned.

> "Ample time was allowed appellant to prepare his case for trial, and the record indicates that his trial attorney had made thorough preparation for the trial and presented all defenses which were available. In our opinion none of his substantial rights were violated. . . .
>
> "A defeated litigant cannot in the usual case where his attorney has inadvertently or mistakenly failed to save and present an error, have it reviewed and made the basis for the reversal of the judgment." *Hendrickson* v. *State of Indiana* (1954), 233 Ind. 341, 118 N. E. 2d 493.

". . . Other counsel might have tried the case with different strategy and greater skill, but we cannot say that the consequences would have been different." *Groover* v. *State* (1959), 239 Ind. 271, 156 N. E. 2d 307.

In *Arnold* v. *State* (1959), 239 Ind. 592, 159 N. E. 2d 278, this Court, in quoting from *Hendrickson* v. *State of Indiana, supra,* said:

". . . Frequently, even the best of attorneys make decisions during the course of a trial which later may appear to have been errors in judgment. This is a natural result of the imperfections of man and are circumstances which cannot be avoided and must be expected. We cannot 'second guess' a trial attorney and reverse a case simply because some other attorney might, under the attending circumstances, have pursued a different course." Quoting in authority from *Stice* v. *State* (1950), 228 Ind. 144, 89 N. E. 2d 915; *Dowling et al.* v. *State* (1954), 233 Ind. 426, 118 N. E. 2d 801; *Lunce, Reynolds* v. *State* (1954), 233 Ind. 685, 122 N. E. 2d 5.

During the argument of this case, appellant suggested that perhaps trial counsel was timid in making objections to the conduct of the Court and perhaps the timidity of counsel was because he was a pauper attorney appointed by the Court trying this cause. We realize that there may be influence on a pauper attorney, because of the source of his employment, to be less bold in making objections to the conduct of the Trial Court; however, we believe that attorneys, realizing their duties to the client, take very seriously their obligations to that client, and disregard the source of payment of their services. The record on this case indicates that trial counsel was laboring with a very difficult set of facts. In hindsight we may all make a judgment concerning the professional strategy of one of our colleagues, but our judgment should not be in hindsight because we are not in a position to sit and see the reaction of the various jurors to repeated objections. We are not in a position to know the over-all strategy that had been planned by trial counsel. We emphasize here again what

this Court said in *Wilson* v. *State, supra,* which reads as follows:

". . . Whether he is paid by the county or the accused, whether he is paid much or little or nothing at all, the attorney's obligation to his client is the same."

If a situation should come before this Court where the evidence is clear that a trial judge has been able to extract from his appointed pauper attorney the intestinal fortitude of that attorney, it will be the duty of the Court to reverse. This situation would compel the proper authorities to provide a new system for the appointment of public defenders.

There was substantial evidence of probative value sufficient to prove each of the material allegations of the affidavit here. The verdict of the jury, therefore, is sustained by sufficient evidence and the verdict is not contrary to law.

The judgment is affirmed.

Hunter, C. J., Arterburn and Mote, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 230 N. E. 2d 298.