ANTHONY EARL COAKLEY *v*. STATE OF INDIANA.

[No. 172A35. Filed June 6, 1972.]

*Roy S. Dale,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

STATON, J.—Anthony Earl Coakley was charged with the crime of rape. After he waived trial by jury, the trial court found him guilty of the charge and sentenced him to the Indiana State Reformatory for not less than two nor more than twenty-one years. This appeal by Defendant Coakley urges the following errors:

1. Whether an exchange between the prosecutor and one of the defense witnesses constituted a violation of the hearsay doctrine.
2. Whether the Defendant was prejudiced by remarks of the prosecuting attorney made to the trial court in his summation.

We find no error and affirm the judgment of the trial court in the opinion that follows:

Near midnight on the 10th day of June, 1970, the seventeen year old prosecutrix was sitting with her girl friend and two male companions in an automobile. They were parked in an empty parking lot of a vacant service station which was located between Azar's drive-in restaurant and a veterinarian clinic in Fort Wayne, Indiana. A 1970 Grand Prix automobile pulled in behind them. It had three male Negro occupants: Leroy McClendon, Walter Lee and Anthony Earl Coakley. The Defendant Coakley, twenty-eight years old, got out of the car and walked around the vacant service station out of sight. Fifteen minutes later, the prosecutrix left her three

companions to use the restroom in the veterinarian clinic where she was employed. She had a key to the locked door. Leaving the clinic, she was grabbed by a Negro male and dragged into the tall grass and raped. Twenty minutes after she had left the automobile, her concerned companions came searching for her. They saw her running toward them crying and hysterical. Following her at a very short distance was the Negro male who drew a pistol from his pocket. He warned them to stay away or he would blow their guts out, and then he turned and ran.

The prosecutrix' two male companions identified the Defendant Anthony Earl Coakley from police mug shots, a line-up and in court as the male Negro who came walking slowly around the corner of the building, drew a pistol and threatened them before he turned and ran. The prosecutrix positively identified the Defendant Coakley in court as the man who raped her. There is no question presented here as to the sufficiency of the evidence. It is overwhelming.

Defendant Coakley's first contention of error is: "Whether the conversation and statement of a third party not made in the presence of the Defendant and not part of the res gestae is admissible to elicit evidence against the Defendant?" The exchange occurred when the prosecutor was questioning Walter Lee, a defense witness. The question asked Lee was:

"Q. Did you or did you not hear Leroy McClendon tell me anything about Mr. Coakley coming back to the car a second time?

     * * *

"A. No."

Our Supreme Court defined hearsay in *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 631, 251 N. E. 2d 439, 443:

"Hearsay evidence has been defined as testimony by a witness in a judicial proceeding relative to an extrajudicial

declaration by another and which is offered for the purpose of proving the facts asserted by the declarant. . . . For testimony to be inadmissible as hearsay, it is necessary that the extrajudicial declaration be offered to prove the 'facts asserted by the declarant.' "

The prosecutor asked only if Lee had heard the statement uttered by McClendon. The prosecutor did not ask the witness whether or not it was true that the Defendant came back a second time. Prior testimony had established that Lee was present when the above conversation referred to between the prosecutor and McClendon took place. Whether he heard the statement was within his own personal knowledge. There was no violation of the hearsay rule. See 5 J. Wigmore, Wigmore on Evidence 2, § 1361 (3rd ed. 1940) ; 2 J. Wigmore, Wigmore on Evidence 762, § 657 (3rd ed. 1940).

Defendant Coakley's second contention of error is: "Whether the Defendant was denied a fair trial by the summation of the counsel for the State in his implying that only the Defendant was not telling the truth because of his being the Defendant." There was no objection made to the prosecutor's remarks in his summation before the trial court. But, Defendant Coakley further contends that the error could not have been disregarded by the trial judge after hearing it and that an objection would have been futile. If suggesting in the summation to the trial court without a jury that the Defendant may not be telling the truth is so grave an error that no action by the trial court could have corrected it, the Defendant Coakley must have felt very strongly about this remark at trial. Such a situation should have brought forth a motion for mistrial. None was made. In *Rexroat* v. *State* (1964), 245 Ind. 688, 201 N. E. 2d 558, our Supreme Court held 245 Ind. at 690, 201 N. E. 2d at 559:

": . . [I]f . . . [the Defendant] thinks misconduct is of such a character that the damage cannot be repaired by any action of the court, [then Defendant should] move to discharge the jury or take such other steps as he may think will secure to him a fair trial. If he fails to do this, and permits the case to proceed to final determination, he must

be deemed to have waived all questions arising out of such alleged misconduct."

If the remarks by the prosecutor to the trial judge in his summation were improper, Defendant Coakley has waived any error by failing to take any affirmative corrective action. Our courts have repeatedly held that counsel cannot allow errors to be committed during trial, unobjected to, and then ask for a new trial after the verdict or judgment has been rendered against him. See *Harrison* v. *State* (1972), 258 Ind. 259 [30 Ind. Dec. 330, 332], 281 N. E. 2d 98; *Langley* v. *State* (1971), 256 Ind. 199, 267 N. E. 2d 538.

We find no error. The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 283 N. E. 2d 392.