JANIE MOORE *v.* STATE OF INDIANA.

[No. 372A134. Filed December 14, 1972.]

*Patrick Brennan, Larry L. Ambler,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

## STATEMENT ON APPEAL

STATON, J.—The Indiana State Police conducted a raid on April 10, 1971 at the Oak Leaf Motel & Restaurant which resulted in the arrest of Janie Moore and others. She was

charged with prostitution, tried before a jury and convicted. The trial court sentenced her to 180 days at the Indiana Women's Prison and fined her $500.00. The fine was suspended and the sentence reduced to 30 days at the Indiana Women's Prison. She filed her motion to correct errors on December 6, 1971 which presents these issues:

(1) Was the trial judge's reference to probation during *voir dire* reversible error?

(2) Did the trial court commit reversible error when it did not sentence Janie Moore within 30 days after the jury found her guilty?

(3) Did the trial court commit reversible error when it denied Janie Moore's motion for change of venue from the county?

The trial judge's probation remark was made in an attempt to explain a question by the prosecutor to a venireman during *voir dire*. No objection was made before or during the trial by Janie Moore. When the defendant invites a delay in her sentencing, she cannot complain of error. We find no abuse of discretion by the trial court in denying Janie Moore's motion for change of venue from the county. In our opinion which follows, we affirm the trial court's judgment.

STATEMENT OF THE FACTS: Janie Moore was one of several persons arrested and charged with prostitution when the Indiana State Police conducted a raid on April 10, 1971 at the Oak Leaf Motel & Restaurant located 1/4 mile east of the Town of Hamlet, Indiana. After being charged by affidavit with the crime of prostitution, she filed her motion for change of venue from the county which was denied. A motion for change of venue from the judge was granted on May 25, 1971 and the Honorable Russell Willis was named Special Judge. Before her trial by jury, Janie Moore made a request for a rehearing on her motion for change of venue from the county which was denied. On August 6, 1971 Janie Moore was found guilty of prostitution. She was sentenced on October 8, 1971. She filed her motion to correct errors on

December 6, 1971 which was overruled on January 10, 1972. Oral argument before this Court was completed on October 26, 1972.

STATEMENT ON THE ISSUES: Janie Moore's motion to correct errors has stated the issues to be considered on this appeal as follows:

"1. That the Trial Court committed reversible error in discussing the subject of 'probation' in the presence of the jurors during the *voir dire* proceedings, the said remarks harming the defendant and denying her a fair trial.

"2. That the Trial Court failed to comply with CR. 11 of the Indiana Rules of Procedure when it did not sentence the Defendant within thirty days of verdict of guilty and the Trial Court thereby lost its jurisdiction over the Defendant.

"3. That the Court below committed reversible error in refusing the Defendant a change of venue from the County of Starke because of the prejudicial pretrial publicity given to the cause herein by the news media which denied the Defendant her right to a fair trial."

We will discuss these issues in our *Statement on the Law* below separately as *Issue One, Issue Two* and *Issue Three.*

## STATEMENT ON THE LAW

ISSUE ONE: Did the trial judge's remarks on probation during *voir dire* prevent Janie Moore from having a fair trial?

The alleged prejudicial remarks complained of by Janie Moore took place during the *voir dire* when the prosecutor, Mr. Wallsmith, questioned one of the veniremen regarding his ability to send someone to jail for prostitution. The record discloses the following exchange of remarks:

"MR. WALLSMITH: Could you send somebody to prison for prostitution?

"A    If I found them guilty; if they were guilty.

"MR. WALLSMITH: Could you impose a prison sentence with respect to that crime?

"A   I wouldn't send them unless I find them guilty.

"THE COURT: You see, Mr. Moran, there is, the statute provides in the alternative that as a [misdemeanor], a fine between 100 and $500.00 and imprisonment from one to 180 days or they can be punished as a felony from two to five years. Now, if this jury determines that this defendant is guilty, it's going to be up to this jury in its verdict to instruct the Court as to which of these penalties are to be imposed and Mr. Wallsmith's question is are you in a position, as you sit there, to impose the greater penalty if you find the defendant guilty; that's the question.

"A   Your, Honor, I'm not an educated man and I always thought the jury finds people guilty and the Court fixes—

"THE COURT: This is the ordinary situation, except in this particular case, we have a statute which provides alternatives and it's going to be up to the jury to select the alternative. It's entirely possible, that, based on many considerations, that probation would be in order in this type of case. I don't know that, assuming again, a finding of guilty. That isn't the question; the question is, would you be in a position to recommend to the Court the greater of the penalties provided in the statute, that's the question.

"MR. WALLSMITH: What is your answer?

"A   I don't know. I guess I could."

The record further discloses that this venireman, Mr. Moran, was challenged peremptorily by Mr. Wallsmith and excused. No objection was made by Janie Moore to the probation remark of the trial judge during the *voir dire* interrogation, at the conclusion of *voir dire* or at any other time during the proceedings.

Janie Moore relies upon *Gaynor* v. *State* (1966), 247 Ind. 470, 217 N.E.2d 156; *Rhodes* v. *State* (1930), 202 Ind. 159, 171 N.E. 301, 172 N.E. 176; *Lovely* v. *United States* (4th Cir. 1948), 169 F.2d 386.

In *Gaynor* v. *State, supra,* the defendants were charged with the crime of conspiracy to commit second degree burglary. They waived trial by jury and entered a plea of not guilty.

The trial judge frequently interrupted trial counsel and interrogated witnesses. No objections were made by the defendants' trial counsel. Our Supreme Court stated in *Gaynor* v. *State, supra,* 247 Ind. at 477, in an opinion written by Judge Myers that:

> "Appellants admit the Judge was not motivated by ill will or malice, but was a former Deputy Prosecutor, a practicing lawyer, and without experience as a Judge; that as Deputy Prosecutor he might have become an interested and biased participant and 'inadvertently stepped from the bench.' However, no objection was raised to the Judge's activities. This is admitted by appellants' counsel. We cannot guess or speculate as to the motives of a Judge who interrupts witnesses except to presume that he was only trying to elicit the truth, especially when no abuse of discretion is shown."

No objection was made by Janie Moore at any time during the proceedings. There being no objection in the record, *Gaynor* v. *State, supra,* does not support her position. Even in *Rhodes* v. *State, supra,* an objection was made by the trial counsel.[1]

*Lovely* v. *United States, supra,* is easily distinguished from the present case since it is based upon an instruction given to the jury and there was an objection. The jury was instructed that a person sentenced to life imprisonment was eligible for parole after fifteen years. The court held that to charge a jury as to eligibility for parole after fifteen years was to becloud the issue before them and open the way to a com-

---

1. *Rhodes* v. *State* (1930), 202 Ind. 159, 171, 171 N.E. 301, 172 N.E. 176:

". . . But, in the instant case, upon a careful consideration of the entire record, we are compelled to hold that the remarks of the court made in the presence and hearing of the jury, over the objection of appellant, were material and improper and constituted prejudicial error, in that they had the effect of discrediting the witness Winneger, whose testimony, if entitled to credit, a question for the jury alone, strongly tended to support the defense of appellant to the charge preferred against him. . . ."

We note that the dissenting opinion indicated that no objection had been made.

promise verdict. *Lovely* v. *United States, supra,* does not support Janie Moore's contention.

Where a trial judge makes voluntary remarks before the jury panel during *voir dire,* no error is preserved on appeal unless an objection is made at some time during the proceedings and before the jury retires for deliberation. In *Micks* v. *State* (1967), 249 Ind. 278, 282, 230 N.E.2d 298, our Supreme Court in an opinion written by Judge Lewis cautioned:

> "We remind counsel that it is his duty, if he desires to save a question for appeal, to make proper objections and to request proper remedies from the Trial Court. This is just as true when the alleged errors are committed by the Court as when erroneous and improper questions are propounded by opposing counsel."

In *Rexroat* v. *State* (1964), 245 Ind. 688, 690, 201 N.E.2d 558, 559 our Supreme Court held that:

> ". . . [I]f . . . [the Defendant] thinks misconduct is of such a character that the damage cannot be repaired by any action of the court, [then Defendant should] move to discharge the jury or take such other steps as he may think will secure to him a fair trial. If he fails to do this, and permits the case to proceed to final determination, he must be deemed to have waived all questions arising out of such alleged misconduct."

Also see *Coakley* v. *State* (1972), 152 Ind. App. 280, 283 N.E.2d 392; *Harrison* v. *State* (1972), 258 Ind. 359, 281 N.E. 2d 98 and *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E. 2d 538.

Any question of error was waived by Janie Moore when she failed to make an objection before the jury's deliberations. We find no error as to *Issue One.*

ISSUE TWO: The second issue revolves around the permissible amount of time which should be permitted to ex-

pire before sentencing the Defendant, Janie Moore. The Rule CR. 11 of the Indiana Rules of Procedure provides in part:

"In all courts of superior jurisdiction having general jurisdiction to try felony charges the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty [30] days of the finding or verdict of guilty."

Janie Moore was found guilty on August 6, 1971. She was sentenced by the trial court on October 8, 1971. This is a total of sixty-three [63] days or more than twice the number of days provided by the rule. Janie Moore appears to offer a simple explanation for the delay: The trial court erroneously believed that it could not pronounce sentence until the pre-sentence or pre-commitment investigation had been filed. It was filed on September 22, 1971. Justice Hunter speaking for our Supreme Court in *Robb* v. *State* (1970), 253 Ind. 448, 452, 255 N.E.2d 96, clarified the procedure:

". . . Although it has been contended that the case of *Smeltzer* v. *State* (1962), 243 Ind. 437, 185 N.E.2d 428, stands for the proposition that the investigation must precede sentencing, that clearly is not the holding of the case. The issue in that case was the delay in sentencing. Any comment on the *timing* of the investigation was mere dicta. Judge Achor, who spoke for the court in *Smeltzer, supra,* indicated by the following language from *Ware* v. *State* (1963), 243 Ind. 639, 189 N.E.2d 704 that the investigation need precede the order of commitment only:

'The provision of the above statute [§9-2252] is mandatory. Failure of the trial court to comply with its terms is, therefore, under the facts of the case, a proper cause for redress to this court. The *order of commitment* made, without such *pre-commitment* investigation and report, must be vacated.' (our emphasis) 243 Ind. at 643.

"Also:

'. . . as heretofore stated, the original *order of commitment* made by the court without a *precommitment* investigation was improvident . . .' (our emphasis) 243 Ind. at 644.

"Finally, in our initial opinion in this case we said:

'The above provision is mandatory. Failure of the trial court to comply with its terms is therefore, under the facts, a proper cause for redress to this order. The order of *commitment* made without such *precommitment* investigation and report must be vacated.' (our emphasis) 239 N.E.2d at 157."

Janie Moore knew of the sentencing delay when she appeared before the trial court for judgment and sentencing. She made no objection to the delay. Except for the trial judge's affidavit, the record is silent of *any* reason for the delay. In *Stevens* v. *State* (1949), 227 Ind. 417, 425, 86 N.E. 2d 84 our Supreme Court stated:

". . . All presumptions must be indulged in favor of the action of the trial court. Taking the view most favorable to the appellant that the record is silent as to the reasons for postponing sentence, this court must assume that the delay was justifiable. *Alyea* v. *State, supra.* [*Alyea* v. *State* (1926), 198 Ind. 364, 152 N.E. 801, 153 N.E. 775.] With this assumption we must conclude that the burden of proof rested on the appellant to establish that the delay in the rendition of judgment was not brought about by his invitation. This burden the appellant failed to accept and carry out."

Janie Moore has not accepted or carried out the burden of proof in showing that the delay in sentencing was not by her invitation.

The trial judge's affidavit indicates that Janie Moore's trial counsel requested that she be sentenced with other defendants that he represented, involved in the same arrest, since he practiced law at a considerable distance from the court.[2] The affidavit further indicates

2. The trial judge's affidavit which supports implications that Janie Moore requested the delay in sentencing reads in pertinent parts as follows:

"7. That defendant's counsel requested that, due to his difficulty in contacting his clients, sentencing of this defendant and all other defendants found guilty in these related cases be set for sentencing on the same date.

that Janie Moore's trial counsel went on vacation after the verdict of guilty on August 6, 1971 which caused further delay. A request for delay was made by Janie Moore's trial counsel so that a supplementary precommittment interview could be conducted. It was never conducted. We can only conclude from the trial judge's affidavit which is the only explanation available to us for the delay that any delay in sentencing was invited by Janie Moore and her trial counsel.

In *McLaughlin* v. *State* (1934), 207 Ind. 484, 486-487, 192 N.E. 753, the appellant had requested permission to file briefs on his motion for new trial which delayed sentencing. Our Supreme Court stated:

". . . [W]e think it is fairly established that the appellant by his attorney asked time in which to file a brief on his motion for a new trial and that the delay in the ruling on the motion for a new trial was at the invitation of appellant. That being true it can not be said that there was no justifiable reason for the court's delay in entering judgment. "It is clear . . . that judgment shall be pronounced without delay upon the finding or verdict unless sufficient cause appears for the delay. If however, the party complaining has invited the delay, he has nothing upon which to base any right to avoid the judgment. *Varish* v. *State* (1928), 200

"9. That by reason of difficulties in obtaining appointments for interviews of this defendant and other defendants and because of the volume of presentence investigations required at that time the probation officer filed his presentence investigation on the 25th day of September, 1971.

"10. That subsequent to the presentence interviews with the probation officer, the attorney for the defendant, Mr. Patrick Brennan, notified the court that this defendant and other defendants would request a supplemental presentence investigation and would arrange for a subsequent interview with the probation officer. Although the defendant never attempted a supplemental presentence interview, there was a delay occasioned by this request.

"11. That on two occasions after August 6, 1971, this affiant had conversations with Mr. Patrick Brennan and the Prosecuting Attorney of Starke County for the purpose of setting a date for sentencing of the defendant in this cause. That by reason of the fact of the distances of this affiant and the defendant's attorney from Starke County and other conflicts and trial settings and the defendant's attorney's vacation, October 8, 1971 was the first date open and agreeable to the court and the defendant's attorney for sentencing and that said date was set for sentencing and that upon said date the sentence in this cause was pronounced by this affiant."

Ind. 358, 163 N.E. 513; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N.E. 801, 153 N.E. 775. . . ."

We find no merit in Janie Moore's contention expressed in *Issue Two*. No error was committed by the trial court.

ISSUE THREE: The third issue urged by Janie Moore is that the trial court erred by not granting her motion for change of venue from the county. She contends that the pretrial publicity denied her a fair trial.

The granting of a change of venue from the county in a criminal action is discretionary.[3] There must be a clear showing of an abuse of discretion by the trial court before we can reverse its ruling. *Vehling* v. *State* (1935), 210 Ind. 17, 25, 196 N.E. 107. See also *Carraway* v. *State* (1956), 236 Ind. 45, 47, 138 N.E.2d 299.

Our Supreme Court has defined the abuse of discretion in *McFarlan* v. *Fowler City Bank Trust Co.* (1938), 214 Ind. 10, 14, 12 N.E.2d 752, as follows:

"Judicial discretion is the option which the judge may exercise between the doing and the not doing of a thing, the doing of which cannot be demanded as an absolute right of the party asking it to be done. *An abuse of discretion is an erroneous conclusion*

---

3. CR. 12 reads in pertinent part as follows:
"In all cases where the venue of a criminal action may now be changed from the judge, such change shall be granted upon the execution and filing of an unverified application therefor by the state of Indiana or by the defendant. Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and *may be granted in all other cases when in the court's discretion cause for such change is shown to exist* after such hearing or upon such other proof as the court may require."
Also, IC 1971, 35-1-25-1; Ind. Ann. Stat. § 9-1301 (Burns 1956) states:
"The defendant may show to the court, by affidavit, that he believes he can not receive a fair trial, owing to the bias and prejudice of the judge against him, or the excitement or prejudice against the defendant in the county or in some part thereof, and demand to be tried by disinterested triers. . . ."
IC 1971, 35-1-25-4; Ind. Ann. Stat. § 9-1305 (Burns 1956) is also pertinent:
"When affidavits for a change of venue are founded upon excitement or prejudice in the county against the defendant, the court in all cases not punishable by death, *may, in its discretion,* and in all cases punishable by death, shall grant a change of venue to the most convenient county. . . ." (our emphasis)

*and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.* The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal." (our emphasis)

We must examine the newspaper articles to determine whether there was, on the part of the trial court, "an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court. . . ."

Janie Moore had a hearing on her motion for change of venue from the county on May 12, 1971. There were eleven newspaper articles used as exhibits. She was tried on August 2, 1971. *Brown* v. *State* (1969), 252 Ind. 161, 247 N.E.2d 76 is not only similar to the present case in many ways, but is helpful in interpreting the guidelines set down by the Supreme Court of the United States in *Sheppard* v. *Maxwell* (1966), 384 U.S. 333; *Irvin* v. *Dowd* (1961), 366 U.S. 717 and *Estes* v. *State* (1965), 381 U.S. 532. Justice Hunter, speaking for our Supreme Court in *Brown* v. *State, supra,* 252 Ind. at 172-173, stated that the trial court should consider and weigh these factors:

1. The right of the news media to fairly and accurately report the news;
2. The right of the defendant to a fair trial before an impartial tribunal free of the influence of generated prejudice and inflamed passion in the community;
3. The right of the citizens to fully comprehend and analyze the portent and direction of the administration of our court system.

In both the present case and *Brown* v. *State, supra,* there was a hearing on the motion for change of venue from the county without the State filing any counteraffidavits.[4] Approximately

---

4. Failure of the State to file a counteraffidavit is not determinative: "We have held that it is within the sound discretion of the trial court to determine the credibility of an application for a change of venue from the county in a criminal case. We have also held that such an application, uncontroverted by the state, *only* establishes

three months elapsed in both bases between the time of the hearing on the motion and the actual trial upon the offense charged. While there were only five exhibits in *Brown* v. *State, supra,* there were eleven in the present case. We have carefully examined the exhibits and the record. What was stated by Justice Hunter in *Brown* v. *State, supra,* 252 Ind. at 173, seems appropriate here:

> ". . . [T]he trial court had the right to weigh the content of the exhibits and determine their effect on the 'public attitude' toward the defendant. Certainly the publicity could not be characterized as building 'a huge wave of passion' (*Sheppard*) ; neither was it 'a build up of prejudice . . . clear and convincing' (*Irvin*)."

The trial court did not abuse its discretion by denying Janie Moore's motion for change of venue from the county.

DECISION OF THE COURT:

ISSUE ONE: When a remark is made by the trial judge during *voir dire* examination and the defendant fails to object before the jury retires to deliberate upon the defendant's guilt, the error is not preserved upon appeal. It is waived. The trial court should be given an opportunity to correct any false impression given by a remark before prospective jurors during *voir dire.* If the remark is harmful, it should be recognized as harmful by the trial counsel before the jury retires to deliberate upon his client's guilt.

ISSUE TWO: Sentencing does not have to be postponed until the pre-commitment investigation is filed. It is mandatory that the pre-commitment investigation be filed before the trial court's order of commitment.

Rule CR. 11 is mandatory. A defendant must be sentenced within thirty (30) days. This right to be sentenced within thirty (30) days can be waived.

---

a *prima facie* basis for the granting of the application, . . ." *Brown* v. *State* (1969), 252 Ind. 161, 173, 247 N.E.2d 76.

Where the record is silent as to the reason for the delay and as to any objections made by the defendant at the time of sentencing, all presumptions must be indulged in favor of the action taken by the trial court. We can only conclude in this instance that the delay was justifiable.

Where the defendant's trial counsel has invited delay for his own convenience, it will be presumed that the defendant has acquiesced unless there is a showing to the contrary.

Where the defendant has invited delay by requesting further time for a supplementary pre-commitment interview or some other purpose which is granted by the trial court, the mandatory provisions of Rule CR. 11 are waived, and a sentencing by the trial court within a reasonable time after the expiration of thirty (30) days is justifiable.

ISSUE THREE: When a motion for change of venue from the county is predicated upon pre-trial publicity, the trial court should consider and weigh these factors: (1) The right of the news media to fairly and accurately report the news; (2) The right of the defendant to a fair trial before an impartial tribunal free of the influence of generated prejudice and inflamed passion in the community; and (3) The right of the citizens to fully comprehend and analyze the portent and direction of the administration of our court system. The granting of a motion for change of venue from the county is discretionary. We have examined Janie Moore's motion and its exhibits as well as the record of the hearing. We find no abuse of discretion on the part of the trial court in denying her motion.

We hold that the trial court's judgment should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 290 N.E.2d 472.