HERBERT STANLEY MIKEL *v*. STATE OF INDIANA.

[No. 2-774A177. Filed April 29, 1975.]

*Mark W. Shaw,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

HOFFMAN, J.—On March 4, 1974, defendant-appellant Herbert Stanley Mikel was charged by affidavit with the crime of first degree burglary as defined in IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956), which provides, in pertinent part, as follows:

> "(a) Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than

twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Following trial before a jury, Mikel was found guilty as charged, sentenced to imprisonment for not less than ten nor more than twenty years, and ordered committed to the custody of the Indiana Department of Corrections for classification and confinement. Thereafter, appellant's motion to correct errors was overruled and the present appeal was perfected.

The sole issue preserved on appeal is whether appellant's conviction of the offense of first degree burglary is supported by sufficient evidence.

It is to be noted that when questions concerning the sufficiency of evidence are presented on appeal, this court may consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. Further, it is not our function to weigh the evidence or determine the credibility of witnesses. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554. It has been held that a conviction may be sustained upon circumstantial evidence alone so long as the evidence is of such probative value that an inference of guilt beyond a reasonable doubt may be drawn therefrom. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. A conviction which rests in whole or in part upon such evidence will not be reversed unless this court can state as a matter of law that reasonable persons could not form inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

An examination of the evidence most favorable to the State discloses that at approximately 9:30 P.M., on June 21, 1973, Officers Amos Edgar Atwood and James Briner of the Indianapolis Police Department were dispatched to a residence located at 2053 East Michigan Street in Indianapolis to investigate a report of a burglary in progress. Upon their arrival, they heard the "back door slam" and observed two

individuals running away. One of the fleeing subjects, later identified as appellant-Mikel, was "holding two guns, two rifles, over his right shoulder as he was running, with a bottle in his left hand." As Officers Atwood and Briner pursued the two individuals who were running in the direction of a nearby house, they observed Mikel drop a bottle of whiskey and found a .22 calibre rifle in an alley. Officer Atwood determined that the other suspect who was later identified as Kenneth Dixon had entered a house located at 2048 East Michigan Street. Following a search of the area, a pillow case containing nickels, dimes, quarters and half dollars, together with boxes of 12 gauge shotgun shells, .22 calibre cartridges, and a bottle of J.W. Dant whiskey was recovered from a doorway. Appellant was found hiding under a wood pile in the vicinity of a nearby garage.

Kenneth Gordon occupied an apartment in the residence located at 2053 East Michigan Street. He testified that he had left for his place of employment earlier in the evening of June 21, 1973, that at such time all of the doors to the residence had been locked, and that the windows were closed and secured by nails. Gordon stated that upon his return to the house at approximately 6:30 or 7 A.M., the following morning he noticed that "[t]he kitchen window was busted out" and that his rifle was missing together with "a few other odds and ends", including a quantity of pennies and quarters, boxes of 12 gauge shotgun shells and .22 calibre rifle cartridges, two bottles of whiskey and a pillow case. Officer Briner testified that upon his arrival at the residence in question he observed that a side window had been broken and that the rear door was standing open. During trial, Kenneth Gordon identified as his property the rifle and items found in the pillow case which were recovered at the scene and later admitted into evidence. He further testified that he had not authorized appellant to enter his residence or remove any articles therefrom.

The record discloses that following his arrest, Mikel was properly advised of his rights and, after signing a printed

waiver of rights form, admitted to Officer Timothy J. Cravens that Kenneth Dixon had broken a window in the Gordon residence, opened the rear door and had permitted him to enter. Appellant also admitted that he and Dixon "carried some things out."

With regard to the element of breaking and entering into a dwelling house, evidence established that appellant was in close proximity to the scene of the crime at the time of the crime; that he was observed carrying articles away which had been contained in Gordon's apartment; that the residence had been previously locked; and that it was subsequently determined that a window of the residence had been broken and a rear door opened. Kenneth Gordon testified that he had not given appellant permission to enter his residence or remove any property therefrom. Even aside from appellant's confession, it is thus reasonable to infer that either appellant himself gained unauthorized entry to the residence, or that an accomplice did so. As to the latter possibility, IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns Supp. 1974), provides that one who aids or abets the commission of a felony can be convicted as though he were a principal. See: *Smithhart* v. *State* (1971), 256 Ind. 533, 270 N.E.2d 740; *Marshall* v. *State* (1974), 162 Ind. App. 392, 320 N.E.2d 830.

As to the intent to commit a felony, such may reasonably be inferred from the circumstances of the case. *Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285; See: *Robinson* v. *State* (1971), 257 Ind. 38, 271 N.E.2d 727; *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N.E.2d 775.

It must be concluded, therefore, that appellant's conviction of the offense of first degree burglary is supported by sufficient evidence.

Appellant also raises the question on appeal of whether, during the *voir dire* examination of prospective jurors certain remarks made by the trial judge were such as to prejudice the

jury against him and deny him a fair trial. An examination of the record, however, fails to disclose that any objection to the allegedly prejudicial remarks was interposed at any time during trial or prior to the time at which the jury retired for deliberation. Rather, the alleged error is raised for the first time in appellant's motion to correct errors. In *Moore* v. *State* (1972), 154 Ind. App. 482, 290 N.E.2d 472, at 476, this court stated that,

> "Where a trial judge makes voluntary remarks before the jury panel during *voir dire,* no error is preserved on appeal unless an objection is made at some time during the proceedings and before the jury retires for deliberation." See: *Micks* v. *State* (1967), 249 Ind. 278, 282, 230 N.E.2d 298, 301; *Rexroat* v. *State* (1964), 245 Ind. 688, 690, 201 N.E.2d 558, 559; *Coakley* v. *State* (1972), 152 Ind. App. 280, 283 N.E.2d 392.

A party may not sit idly by without interposing objections, await the outcome of the trial, and thereafter raise the issue. *Hauk* v. *State* (1974), 160 Ind. App. 390, 312 N.E.2d 92. In the case at bar, any error which may have attended the remarks in question must, accordingly, be deemed waived.

No reversible error having been demonstrated, the judgment of conviction appealed from is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 326 N.E.2d 621.