JEROME CLARK *v.* STATE OF INDIANA.

[No. 3-975A207. Filed June 9, 1977.]

*John F. Surbeck, Jr.,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles W. Vincent,* Deputy Attorney General, for appellee.

STATON, P.J.—The trial court found Jerome Clark guilty of violation of the Indiana Uniform Controlled Substances Act for possession of heroin; Clark was sentenced to the Department of Corrections for a period of three [3] years. In his appeal to this Court, he raises the following issues:

(1) Was there sufficient knock and announce evidence to support the trial court's denial of Clark's motion to suppress?
(2) Was the search by the police excessive?
(3) Did the trial court err when it denied a part of Clark's motion for a finding of not guilty at the close of the State's case?

We find no error, and we affirm.

## I.

### Motion to Suppress

Officers of the Fort Wayne Police Department and the Allen County Sheriff's Department went to the home of Jerome Clark on November 18, 1974, for the purpose of serving an arrest warrant on Clark. The officers positioned themselves around the house in an attempt to prevent flight or destruction of evidence.

Clark testified at trial that the officers who came to his house and arrested him neither knocked nor announced their purpose before entering his house. He asserts in his brief that the contradictory nature of police testimony supports his argument. Four officers testified concerning the knock and announce:

Colby: "We knocked at the door. . . . Officer Ludwig declared himself as a police officer."

Clark's attorney: "Um hum. How did he say that? Exact words."

Colby: "I don't recall how he said it, sir."

\* \* \*

Ludwig: ". . . I knocked about three different times and about the third time I hit it pretty hard. . . . He [Clark] came down the stairway, . . . and was looking directly at me. And I hollered at him, 'Police. Open the door.'"

\* \* \*

Paul: ". . . I was on the ladder. Well, I heard the knock at the front door, and I don't know who it was, but I suppose it was Detective Ludwig said, 'This is the police', . . ."

\* \* \*

Prosecutor: "All right, and then did anybody knock on the door?"

Firks: "Deputy Ludwig did, approximately two to three times."

Prosecutor: "And did anybody say anything?"

Firks: "After the second knock someone from inside asked who it was and he responded, said it was the police."

Although the police testimony was not completely consistent, the credibility accorded it is within the province of the trier of fact:

". . . [C]redibility, when in issue, must always be ascertained from circumstantial evidence, including the demeanor of the witness, the plausibility of the testimony, and the relative strengths of the evidence supporting and opposing the testimony." *Simpson* v. *State* (1975), 165 Ind. App. 619, 333 N.E.2d 303, 304.

Since the testimony of these witnesses are not incredible, this Court must accept the trial judge's assessment of their credibility; we will not re-weigh evidence upon appeal, rather, we look only to the evidence and inferences most favorable to the State. *Traylor* v. *State* (1975), 164 Ind. App. 50, 326 N.E.2d 614.

## II.

### Excessive Search

Clark argues that he was taken into custody near the top of the stairs, but some distance from an upstairs bedroom.

He stated that he was then escorted into the bedroom. Later, a search of the bedroom by the police revealed an envelope containing heroin. Clark contends that the heroin should have been suppressed as the officers had no right to extend their search beyond the immediate vicinity of the arrest. *Chimel* v. *California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; *Paxton* v. *State* (1970), 255 Ind. 264, 263 N.E.2d 636.

The evidence most favorable to the State is different. Clark was apprehended in the doorway to the bedroom. The officers were concerned that there might be an attempt to dispose of evidence. It was not disputed that Clark was handcuffed soon after the arrest and that he therefore did not constitute much of a threat to the safety of the arresting officers. However, an officer testified that a woman was also in the bedroom, and the police took Clark into the bedroom partially to prevent the destruction of evidence by her while Clark was being read the warrant. Furthermore, the police testified that the heroin was not found as the result of a search, but that a manila envelope, with the end open, exposing a light brownish powder, was discovered, in plain view, on a nightstand by the bed.

Under these circumstances, we conclude that it was not error for the trial court to deny Clark's motion to suppress. The plain view doctrine justifies the seizure of evidence. *Cooper* v. *State* (1976), 171 Ind. App. 350, 357 N.E.2d 260; *Presley* v. *State* (1972), 152 Ind. App. 637, 284 N.E.2d 526.

### III.

### Lesser Included Offense

Clark's motion for a finding of not guilty, which was entered at the close of the State's case, was denied *in part* by the trial court. Clark argues that this action constitutes error because the trial court should have granted his entire motion,

since the information under which he was tried and upon which he based his defense, was worded in terms of "possession with intent to deliver." Clark contends that the State failed completely to prove the "intent to deliver," which was a material element of the crime charged, and that because of this failure he should have been discharged.

IC 1971, 35-1-39-2 (Burns Code Ed.) provides that, "In all other [non-degreed crimes] cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information."

The lessor offense, to be includable, must be such that the greater offense could not be committed without first committing the lesser one. *Bennett* v. *State* (1975), 167 Ind. App. 227, 338 N.E.2d 294; *Carter* v. *State* (1972), 155 Ind. App. 10, 291 N.E.2d 109. Clark's brief does not argue sufficiency of the evidence to support a conviction for the crime of possession. We hold that the trial court did not err when it denied a part of Clark's motion for a finding of not guilty of possession with intent to deiver or when it found Clark guilty of the lesser included offense of possession.

## IV.

### Best Evidence—Warrant

There is one other issue which was argued in Clark's brief. This issue relates to the denial of his motion to suppress evidence presented at trial regarding the original warrant for his arrest. At no time during the trial did the State introduce the arrest warrant which was issued prior to Clark's arrest in his home and the seizure of heroin. Officers testified that their purpose in going to Clark's residence on the evening of his arrest was to serve a valid, "signed and stamped" arrest warrant. Clark complains that the best evidence would have been the warrant itself. This is true; but Clark failed

to object to the arrest warrant testimony at trial; therefore this issue is waived. *Coakley* v. *State* (1972), 152 Ind. App. 280, 283 N.E.2d 392.

Affirmed.

Hoffman and Garrard, JJ., concur.

NOTE.—Reported at 363 N.E.2d 1045.